## JOEL JONES *vs.* JONATHAN SINCLAIR.

In trover there must be evidence of actual possession by the plaintiff, or the right to actual possession at the time of the conversion. Where evidence is offered of a conversion at different times, if the plaintiff had a right to the possession at either of those times, it is sufficient.

When goods, by tort of a third person, are taken from a commission merchant, the owner, after a demand on the third person, has a right to the actual possession of them; and a lien on them for the commission merchant's expences cannot be set up in bar except by himself or by others under his express authority.

A commission merchant is not answerable to the owner for goods thus taken; and is a competent witness for the owner in an action against an officer, who thus takes them on an execution against the merchant.

In trover there must also be a special or general property in the plaintiff; but actual possession is *prima facie* evidence of property.

THIS was trover for eight saddles.

At the trial here, under the general issue, November term, 1819, it appeared in evidence, that the saddles were taken by the defendant as a deputy sheriff from the possession of

---

* 16 Mass. Rep. 420, Daney vs. Warren, 465 Gordon vs. Jenny.

one *Hall*, against whom the defendant had a precept; and that *Hall* was embarrassed or insolvent.

The plaintiff then offered *Hall* as a witness, who, though objected to by the defendant, was admitted. *Hall* testified, that in November, A. D. 1817, he received the saddles of the plaintiff for sale on commission; that he gave him a receipt therefor at the time, to account for them when sold; that he transported them some distance to his store and paid the freight; that only one of the whole number received had been sold; and that those now sued for remained the property of the plaintiff. He farther testified that the defendant was informed of these facts at the time of the seizure; and that the plaintiff and himself had made no adjustment in relation to the saddles. It appeared by other evidence, that an agent of the plaintiff called on the defendant before this action was commenced, and demanded the saddles, but the delivery of them was refused.

On these facts a verdict was taken for the plaintiff for the value of the saddles, subject to future consideration.

*Swan* and *Goodall*, counsel for the plaintiff.

*Bell* and *Nelson*, for the defendant.

WOODBURY, J. The facts of this case strongly resemble those in *Whiting vs. Bradley*, Rock. Feb. 1819. But some additional objections are here started, which deserve examination.

The first one is, that the evidence of property in the plaintiff was defective. But it having appeared that *Jones* was in the actual possession of the saddles before he delivered them to *Hall*, and was exercising acts of ownership over them, this was sufficient *prima facie* evidence of title. 2 *Saund.* 47.—11 *John.* 132, 529.—13 *ditto* 141, 276, 284, 361.—5 *Mass. Rep.* 304.—15 *ditto* 136. This was not rebutted by other evidence of title in some third person; as it may be in trover and the action thus defeated. Because the gist of trover is a conversion of the property. 9 *John.* 362.—11 *ditto* 529.—*Sed.* 5 *Mass. Rep.* 304. While the gist of trespass is an injury to the possession; and consequently

that action may lie to recover some damage, though the title to the property is in a third person.   13 *John.* 284.

Jones
*vs.*
Sinclair.

The next objection is, that the plaintiff does not appear, at the time of the taking of the property, to have had either actual possession or the right to the actual possession of it. But though this principle applies in substance to trover as well as to trespass; yet in the former action, the point of time to which the right of possession refers is the conversion, and not the taking; or, according to *Gordon vs. Harper*,(1) is the commencement of the action rather than the taking. However this may be, the plaintiff here appears to have had a right of possession as early as the conversion upon which he relies.   It is common in trover to show different acts of conversion at different times; and a conversion may be proved at any time within the statute of limitations, and previous to the sueing out of the writ.   In this case, he gave evidence of a conversion at the time of the wrongful taking, and at the time of the subsequent demand and refusal to re-deliver the saddles to the plaintiff's agent.

(1) 7 D. & E.9.

On this last evidence of conversion he relies; and if, at the time of the first conversion, he had no right to the possession till a demand; yet after such a demand of the person who removed the articles, his right of possession was perfect.   5 *Mass. Rep.* 304, semb.—15 *ditto* 242, *Eaton et al. vs. Lyde.*

Articles deposited for sale on commission can always be re-claimed before sale; and there is no justification for withholding them after a demand, unless the merchant has incurred expenses, or for some other cause is entitled to a lien upon them.   But whether in point of fact there was any just ground for a lien in favor of *Hall*, or whether in point of law such liens are recognized in our courts, is uncertain and need not now be settled.   Because a lien is a mere personal right, which only *Hall*, or others by his express authority, could enforce; and a right, which constitutes no bar to the possession of property, unless set up as a bar by the proper person at the time the property is demanded.   5 *D. & E.*

41

606, *Doughbigny et al. vs. Duval.*—3 *D. & E.* 119.—1 *East* 4.—2 *East* 203.—*Yelv.* 67, *note.* The essentials necessary to its validity are here wanting; the lien never having been set up by *Hall*, or by his authority ; and actions similar to this, under similar circumstances, have often been maintained against third persons. 15 *Mass. Rep.* 242, *supra.* —7 *East* 7, *M'Combie vs. Davis.*—5 *D. & E.* 605, *Doughbigny vs. Duval.*

In respect to the competency of *Hall* as a witness, the decision of *Whiting vs. Bradley*, before cited, is in point, if *Hall* was answerable to the plaintiff for these saddles; because then his interest would only be balanced. But we think he is not answerable for the tort of a third person ; and consequently the case is much stronger in favor of his admissibility, his interest having been to testify against the party who called him.

*Judgment on the verdict.*