## SUSANNA PINKHAM *vs.* JAMES GEAR *et a.*

Manure lying upon the earth, but not incorporated with the soil, is personal proper-
ty ; and trover lies, when it is wrongfully converted
Possession of a chattel is sufficient *prima facie* evidence of title. to enable a plain-
tiff to maintain trover.

TROVER for six loads of manure. The cause was tried
here, upon the general issue, at September term, 1825 ;
when it appeared in evidence, that the manure, mentioned
in the declaration, was taken by the defendants in May, 1821,
in and about a barn in Lee, and carried away. The barn
had been in the possession of *Richard Pinkham*, the plaintiff's
late husband, from 1817 to 1819, when he died. After the
death of her husband, the plaintiff continued in possession of
the barn until August, 1821. During all this time the barn
belonged to *Valentine Smith*, but stood on land owned by one
*Moses Lumas*. The barn was occupied by the plaintiff, after
the death of her husband, without any permission from
*Smith ;* and it did not appear, that *Lumas* made any claim to
the manure. The plaintiff occupied, from 1819 to 1821,
part of a farm, to which the barn had formerly belonged ;
and the hay used by her in the barn, during that time, grew
upon that farm ; and the same farm came into the posses-
sion of *Gear* previously to May, 1821. The manure taken
by the defendants was used upon the same farm by them.
There was evidence in the case, which had a tendency to
prove, that part of the manure, taken by the defendants,
was made before the death of the plaintiff's husband.

The court instructed the jury, that manure lying upon the
ground, but not mixed or incorporated with the soil, was
personal property, for which an action of trover might be
supported ; and that in trover, as well as in trespass, pos-
session of a chattel was evidence of property ; and that if
they were satisfied, from the evidence of the plaintiff's pos-
session, and the other evidence in the case, that the manure
taken by the defendants belonged to the plaintiff, she was
entitled to a verdict, although part of the manure might
have been made while her husband was living.

The jury having returned a verdict for the plaintiff, the defendant moved the court to grant a new trial, on the ground that the jury had been misdirected.

*J. Bartlett*, for the plaintiff.

*R. Ela*, for the defendants.

RICHARDSON, C. J.   There was no testimony in this case, that showed that either of the defendants had the least color of right in the manure which they took. It is absurd to suppose, that *Gear* had a right to the manure, because the hay, on which the cattle were kept, came from land, of which he had the possession in 1821. It does not appear, under what circumstances the plaintiff occupied the land, nor under what right the defendant *Gear* entered into the land. In the absence of all proof, it is to be presumed, that she lawfully occupied the land, and that he entered by right. But the circumstance, that she occupied the land and the barn at the same time, affords no reasonable ground of presumption whatever, that he had any right to the manure in question.

We entertain no doubt, that manure lying upon the earth, but not incorporated with the soil, is personal property, and that trover lies, when it is wrongfully converted. 2 *East* 154.

The only remaining question in this case is, whether possession of a chattel is, as against a stranger to the title of it, evidence of property in an action of trover ? On this question the authorities are clear. It is well settled, that the finder of a chattel may maintain trover for it against any person but the owner. 1 *Chitt. Pl.* 168.—2 *Saund.* 47 *a*, *note* (1.)—2 *Taunt.* 301, *Sutton vs. Buck.*—1 *Strange* 505, *Armory vs. Delamirie.*—11 *John.* 529, *Schermerhorn vs. Van Volkenburg.*

And we are of opinion, that possession is, in all cases, sufficient *prima facie* evidence of property to maintain trover.

*Judgment on the verdict.*