### ERI KITTREDGE *vs.* PETER WOODS, *junior.*

When land is sold and conveyed, manure lying about a barn upon the land, will pass to the grantee, as an incident to the land, unless there be a reservation of it in the deed.

THIS was an action of trespass for breaking and entering, on the 24th May, 1824, the plaintiff's close, and carrying away 40 loads of manure.

The defendant pleaded the general issue, and also a license, on which issue was joined.

The cause was tried here, at April term, 1826 ; when it appeared, that the plaintiff was tenant of the farm in the year 1823, where the manure in question was made, by cattle about the barn, under the owners, with whom he contracted to use the hay on the farm. In the spring of 1824, the plaintiff purchased one half of said farm, and the defendant the other half ; and they held it in common until the 6th April, 1824 ; when they agreed to divide the farm ; and the defendant conveyed to the plaintiff all his interest in the part of the farm, where the said manure was. After this the defendant entered, and took, and carried away one half of the manure.

The court instructed the jury, that the defendant's interest in the manure, passed with his interest in the land, by said conveyance, unless it was otherwise agreed between the parties —and the jury having returned a verdict for the plaintiff, the defendant moved the court to grant a new trial, on the ground of a misdirection to the jury.

*C. H. Atherton,* for the plaintiff.

*E. Parker,* for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The question, *what are to be considered as fixtures, or appurtenances to land, so as to go with the inheritance,* may arise be-

Kittredge
*vs.*
Woods

tween parties, standing in very different relations to each other ; and there are various classes of cases founded on those various relations, to the decision of which, rules in some degree different have been applied.    The parties in this case may be considered as standing in the relation of vendor and vendee, each having sold and conveyed to the other his interest in a portion of the land.    As they had an opportunity to adjust every thing by contract, with respect to the division of the land, it will be doing them no injustice so to consider them ; and we are not aware, that they can be viewed as standing in any other relation to each other in the transaction. The question then, in this cause is, whether, when land is sold and conveyed. without any reservation, manure lying upon it goes to the vendee with the land ?

As we find no adjudged case, in which this question has been directly settled, we shall, in order to avail ourselves of the light, which decisions in analogous cases afford, take a broader view of the subject, than the relation between the vendor and vendee presents.

One of the most common cases, where a question of this kind may arise, is between executors, or administrators on the one part, and heirs at law, on the other.    It is said in the English books, that the line is in this instance drawn more strictly there, than in any other.    7 *Taun.* 191.—3 *East* 38. And it seems to have been settled, that in general, whatever has been in any way annexed to the freehold, for the benefit of the inheritance, and is necessary to its enjoyment, shall go to the heir.    Thus in *Lawton vs. Salmon,* (1 *H. Bl.* 259, *note,*) it was decided, that salt pans used in the manufacture of salt, although they might be removed without injury to the building, should go to the heir.

So pictures and glasses are in general personal estate ; but, if put up instead of wainscot, they go to the heir.    1 *Eq. Ca. Ab.* 275.—1 *P Williams* 94, *Beck vs. Rebow.*

Thus, also, posts fixed, mill stones, anvils, and doors go to the heir.    *Wentworth* 62.— *Godolphin* 127.

Grass ready to be cut down, and fruit upon trees, belong to the heir : but the executor is entitled to all crops of

grain, annually sown. *Wentworth* 59.—*Godolphin* 126.— *Perkins*, sec 514.—*Com. Dig.*, " *Biens*" G. 1 & 2.

Many things, which are not affixed to the freehold, go to the heir, as appurtenances to the inheritance. Thus it is said, that young doves in a dove house, not able to fly, belong to the executor. But the old doves go, with the dove house, to the heir. *Wentworth* 57. *Godolphin* 126. So keys of doors go to the heir, (*Wentworth* 62,) and chests containing the title deeds of the inheritance. *Wentworth* 64

And we are inclined to think, that the principles of these decisions will give to the heir the manure, which may have been carried and left upon the fields in heaps for dressing, or which may be left lying in heaps about barns upon the land.

Another class of cases, where the question, what shall or shall not go with the inheritance, arises, is between the representatives of tenants for life and remainder-men. Here a considerable relaxation of the strict rules, which have been applied between executors and heirs, has taken place, on principles of public convenience, to encourage tenants for life to lay out money in improving the estate. And as the termination of the particular estate is, in these cases, uncertain, the maxim, that he, who sows, shall reap, is applied ; and it is held, that if the tenant for life sow the land, and die before the corn is reaped, his executor shall have the crop. *Noy's maxims* 51. But grass ready to cut down, and fruit upon trees, go with the inheritance. *Wentworth* 59. Hops, however, growing out of ancient roots, go to the executor of the tenant for life. *Cro. Car.* 515, *Latham vs. Atwood.*

The same question may arise between lessors and lessees. Here the general rule is, that whatever is fixed to the freehold becomes part of it ; and it is waste to remove fixtures. *Buller's N. P.* 34.—3 *East* 51.—*Co. Litt.* 53, a.—*Moor* 177. But things annexed to the freehold, for the purpose of carrying on a trade, or manufacture, form an exception to the rule, and may be removed during the term. 1 *Salk.* 368, *Poole's case.*—2 *East* 88, *Penton vs. Robert.*—3 *Esp. N. P. C.* 11, *Dean vs. Allalley.*—4 *Taunt.* 316.—8 *Mass. Rep.* 416.

A tenant in agriculture cannot however, even during his term, remove buildings by him erected and annexed to the freehold. 3 *East* 38, *Elwes vs. Maw.*

Some things, although originally goods and chattels, cease to be so by being affixed to the freehold ; and in many cases, although the tenant may, during his term, remove things, which have been affixed to the freehold, yet he cannot do it afterwards ; but they become a gift in law to him in the reversion. 7 *Taunt.* 190.—1 *Salk.* 368.—1 *H. Bl.* 258, *Fitz Herbert vs. Shaw.*—20 *H* 7, 13 *a. & b.*

Timber trees, if blown down, or cut down by a stranger, although severed from the land, belong to the lessor. *Co. Litt.* 220,a.—*Cro. Car.* 242, *Berry vs. Heard.*—11 *Coke* 84. 3 *P. Wms.* 267.—5 *Coke* 77, *Paget's case.*—4 *Coke* 62, *Herlackenden's case.*—*Com. Dig.* " *Biens*" *H.*

Matters of ornament, as marble chimney pieces, pier glasses, hangings, and wainscot fixed with screws, may be removed by the tenant. 1 *P. Wms.* 94, *Beck vs. Rebaw.*

With respect to manure made by cattle in barns, nothing seems ever to have been decided. The question will generally depend upon the contract between the lessor and the lessee. Where there is no contract, decisions in analagous cases may perhaps induce courts to hold, that the lessee may, during the term, dispose of the manure, as he pleases ; but that, if no disposition be thus made of it, it will belong to the lessor.

Whenever this question has arisen between a vendor and a vendee of land, there seems to have been no relaxation from the rigid rules, which were anciently established. except, perhaps, in the case of *Gale vs. Ward,* (14 *Mass. Rep.* 352,) the law of which is very questionable on more than one ground. 5 *B. & A.* 826, *Farrant vs. Thompson.*

It is well settled, that when land is sold and conveyed without any reservation, whatever crop is upon the land, passes. *Wentworth* 59. And mill-stones, although they may be out of the mill at the time, for the purpose of being prepared for use, pass by a sale of the mill. 11 *Coke* 50.

And we think, that it cannot admit a doubt, that trees felled and left upon the land, fruit upon trees, or fallen and left

under the trees, where it grew, and stones lying upon the earth, go with the land, if there be no reservation. And the law is the same with respect to manure, carried and left in heaps upon land for the purpose of dressing it.

And we are of opinion, that all manure, whether it be in heaps about barns, or made in other places upon the land, goes with the land to the vendee. A crop of wheat ready to be reaped, or of corn ready to be gathered, are considered as chattels, and may be seized and sold, as such, upon execution. 2 *John.* 418, *Whipple vs. Foot.*—5 *B. & A.* 88, *Hodgson vs. Gascoigne.*—17 *John.* 128. And under a decision of all goods, chattels, and moveables, growing corn will pass. 6 *East* 604, *Cox vs. Godsalve.*

And it seems, that indebitatus assumpsit, for a crop of corn sold standing in the field, may be maintained. 1 *B. & P.* 397, *Poulter vs. Killingbeck*, although the price of fixtures cannot be recovered in an action for goods sold and delivered. 7 *Taunton* 188, *Lee vs. Risdon.*

But, notwithstanding, ripe grain in the field has been always thus considered as a chattel, yet no doubt seems ever to have been entertained, that it passed with the land, when sold without any reservation. If ripe corn standing upon the land will pass with the land, it will be difficult, it is apprehended, to find any principle, upon which manure lying upon the land can be held not to pass. 2 *Barn. & Cress.* 76, *Colegrave vs. Dias Santos.*

We are therefore of opinion, that the direction to the jury was correct ; and there must be

*Judgment on the verdict.*