## SMITH *vs.* BEAN.

A contract for the sale of goods, to be thereafter delivered, was made on a Sunday, and leave was, on a subsequent Sunday, given the vendee to take them. —*Held*, that his possession, acquired on Monday following under such license, and in pursuance of the contract, was good, not only against the vendor, but against the creditors of the vendor also.

TRESPASS, for taking a pair of oxen. The claim was submitted to referees, who reported that one Boies on the 20th of February, 1836, being Sunday, for a valuable consideration sold the oxen to the plaintiff, to be delivered afterwards. On a subsequent Sunday, Boies agreed that the plaintiff might send and take them from a certain pasture. He did so on the next day. A few days after, the defendant attached them as the property of Boies in the possession of the plaintiff. On these facts the referees awarded that the plaintiff recover a sum named as damages and costs, unless the court should be of opinion that the sale from Boies to the plaintiff was not such an one as would enable the plaintiff to hold the oxen against the attachment; in which case they awarded costs to the defendant.

*Nesmith*, for the plaintiff. The sale from Boies to Smith was not made on Sunday, because the delivery was wanting to perfect it. The delivery was made on Monday. 9 *N. H. Rep.* 145; 20 *Pick.* 280; 11 *Pick.* 352; 8 *Pick.* 443; 17 *Mass.* 110; 2 *Kent* 468; 3 *Stark. Ev.* 1640. A distinction is to be taken between a sale and a contract of sale. After the sale had been perfected by the delivery, both parties were estopped from objecting to its validity. As neither of them could object, third persons cannot. 9 *N. H. Rep.* 500, *Clough* vs. *Davis*.

*Perley*, (with whom was *Joseph Bell*,) cited 1 *Taunt.* 131; 5 *B. & C.* 406. The contract for a sale and delivery was void. No title could be derived under it. But here there has been no delivery.

PARKER, C. J. The contract of sale by Boies to the plaintiff

was made on the Sabbath. The plaintiff took possession of the oxen on Monday. If Boies had delivered them on that day, the completion of the sale by the delivery being lawful, it would not have formed a legal objection to the sale, that the negotiation respecting it, ending in an agreement to make it, took place at a time when secular labor was forbidden and unlawful. The contract would have been executory until perfected by the delivery, and the perfected contract of sale would have been lawful and binding.

But the report shows no delivery of the oxen by Boies on Monday. The plaintiff took possession of them on that day; but it was by the direction or permission of Boies, given on the previous day. All that was done by Boies was done on Sunday. If he sold the property, then it was on that day. The contract of sale was made that day, and the plaintiff took possession of his purchase the next day. If Boies were now seeking to recover the purchase money, we must on these facts hold the sale to have been illegal, giving the vendor no right of action.

It is generally said of such an illegal contract that it is void. 1 *Taunt.* 175, *Drury* vs. *De la Fontaine; Allen* vs. *Deming,* [14 *N. H. Rep.* 133, 137, 138,] and cases there cited. *Lewis* vs. *Welch,* [*ditto* 294, 298.] If this were so, and the contract, in the broad sense of the term, were void, no property would pass by it; the vendor might reclaim the property at will, and being his property it would be subject to attachment and levy by his creditors, in the same manner as if the attempt to sell had never been made.

But this is not what is intended by such phraseology. The transaction being illegal, the law leaves the parties to suffer the consequences of their illegal acts. The contract is void, so far as it is attempted to be made the foundation of legal proceedings. The law will not interfere to assist the vendor to recover the price. The contract is void for any such purpose. It will not sustain an action by the vendee upon any warranty or fraud in the sale. It is void in that respect. The principle shows that the law will not aid the vendor to recover the possession of the property, if he have parted with it. The vendee has the pos-

session, as of his own property, by the assent of the vendor; and the law leaves the parties where it finds them. If the vendor should attempt to retake the property, without process, the law finding that the vendee had a possession which could not be controverted, would give a remedy for the violation of that possession. When then it is said that the contract is void, the language is used with reference to the question whether there is any legal remedy upon it. See 5 *Barn. & Cres.* 406, *Fennell* vs. *Ridler*, opinion of *Bayley*, J.

The principles to which we have referred settle this case. The plaintiff received the oxen, with the assent of Boies, upon a contract of sale which in effect passed the property as between them, whether the plaintiff paid or not; and if he did not, whether Boies can recover the price of him, or not, is immaterial. The plaintiff is entitled to hold the oxen against Boies, and may therefore hold them against the creditors of Boies, unless the sale was fraudulent as to creditors. The fact that it was illegal, because against the policy and prohibitions of the law, does not show that it was fraudulent as against creditors; and there is nothing in the case to show actual fraud. The case is within the principle of *Clark* vs. *Gibson & Tr.*, 12 *N. H. Rep.* 386.

*Judgment for the plaintiff.*