## CONNER *v.* COFFIN.

When land is sold and conveyed, all manure made in the ordinary course of carrying on the farm, and which is upon the premises at the time of the sale and conveyance, will pass to the grantee as an incident to the land conveyed, unless there be a reservation in the deed. And it makes no difference whether it be in the field, or in the yard, or in heaps at the windows, or under cover.

Where A sold and conveyed a farm to B, and, at the time of the sale and conveyance, there was a quantity of manure in the barn, in a place fitted for the purpose behind the cattle-stall:—*held*, that the manure passed to the grantee by the ordinary effect of the deed.

A parol reservation of the manure upon a farm, agreed upon either before or at the time of making the deed, cannot control the legal effect and operation of the deed; and parol evidence, tending to show such a reservation, is inadmissible to affect the force of the conveyance.

TRESPASS, for breaking and entering the plaintiff's close in Wolfborough, and carrying away and converting to the use of the defendant, fifty loads of the plaintiff's manure.

With the general issue, the defendant filed a brief statement, that he owned the manure, and entered upon the premises for the purpose of drawing it away.

The plaintiff produced a deed of the land described in his declaration, from one Hiram Ham to himself, dated April 19th, 1850, and introduced evidence showing that the defendant drew away from the premises twenty-two loads of manure. It appeared that the manure was taken from the barn, about the last of April, from a place fitted for the purpose, behind the cattle-stall.

The defendant introduced evidence, tending to prove that said Ham advertised his farm, including the premises in question, for sale at auction, on the 18th of April, 1850. On the morning of that day the plaintiff called upon him and made examinations and inquiries as to the property, and was told by Ham that he should sell it in lots; and, in answer to an inquiry of the plaintiff on that subject, he said he should sell the manure separately. At the sale, the plaintiff bid off the premises described in the writ, and afterwards Ham directed the auctioneer to set up for sale the manure. To this the plaintiff objected, claiming the

Conner *v.* Coffin.

manure as a part of his purchase, and forbade the sale. After some discussion about the law, Ham, upon the advice of some of his neighbors, concluded to defer the sale at auction, and to sell it at private sale, if he should find himself entitled so to do. On the next day after the auction, Ham made a deed of the premises to the plaintiff, which contained no reservation. It did not appear that any reservation of the manure was made when the premises described were offered for sale. Ham subsequently sold the manure to the defendant, or authorized him to draw it away.

The jury found a verdict for the plaintiff, for the value of the manure, and found, specially, by agreement of parties, that the defendant did no unnecessary damage in taking it away.

It was also agreed, that, if the Court should be of opinion, upon the foregoing facts, that the plaintiff is entitled to recover, judgment should be rendered on the verdict; otherwise, the verdict should be set aside and judgment rendered for the defendant. And the questions arising upon the case were transferred to this Court for determination.

*Hobbs* and *Sanborn*, for the defendant. Manure lying upon the earth, but not incorporated with the soil, is personal property. *Pinkham* v. *Gear*, 3 N. H. Rep. 484.

The case at bar finds that the manure was not incorporated with the soil, but was taken from the barn. The abstract of *Kittredge* v. *Woods*, 3 N. H. Rep. 503, that manure lying about the barn upon the land will pass to the grantee as incident to the land, unless there is a reservation of it in the deed, is not sustained by the case. *Richardson*, C. J., says, it passes if there be no reservation. But he does not say that the reservation must be in the deed.

Manure not incorporated with the soil, nor lying around in heaps, being personal property, does not pass as a fixture, but as appurtenant for the purposes of agriculture, and a reservation may well be made by parol. *Morse* v. *Peabody*, 2 Chip. Rep. 108.

*Emerson*, for the plaintiff.

EASTMAN, J. The parties to the record in this case are Conner and Coffin ; but an examination of the facts stated, shows that Ham, the original owner of the premises from which the manure was taken, is probably the defendant in interest. Be that as it may, however, whether he is interested as the real defendant, or as the implied warrantor of the title to the manure, or even if not interested at all, we do not discover that it can make any difference with the result.

Ham sold the farm at auction on the 18th of April, 1850, and at the time of the sale made no reservation of the manure. After the farm was sold, he directed the auctioneer to set up the manure, but the plaintiff objected, claiming it as a part of his purchase, and forbade the sale. No sale of the manure took place on that day ; and on the next day, April 19th, Ham, with a full knowledge of the plaintiff's claim, gave him a deed of the farm, without any reservation contained therein. On the morning before the sale took place, however, Conner called upon Ham, and examined the premises, and was told by him that he should sell the farm in lots, and should put up the manure separately.

Upon these facts two questions arise ; first, whether the manure passed by the conveyance, assuming that there was no reservation in the sale ; and, second, whether the evidence was competent to show a reservation.

In *Kittredge* v. *Woods*, 3 N. H. Rep. 503, it was decided, that, when land is sold and conveyed, manure lying about a barn upon the land will pass to the grantee, as an incident to the land, unless there be a reservation of it in the deed. This decision was made upon an examination of the authorities bearing upon analogous cases, and the law then announced has since that time been the received doctrine in this State. But the facts presented in this case go farther, perhaps, than those which ordinarily arise, and further than those in *Kittredge* v. *Woods*. The manure in question here was under cover, in a place made for the purpose, behind the cattle-stall, in the barn. It was not, therefore, incorporated with the soil, and there was no difficulty in separating it from the land. But it was made upon the farm, from the products of the land, and it was necessary and import-

Conner *v.* Coffin.

ant to be used upon the land to prevent its deterioration. Does the manner in which it was kept change the character of the property ?

As between landlord and tenant, for the encouragement of trade and manufactures, the tenant is favored ; and the original rule of the common law, which subjected every thing affixed to the freehold to the law governing the freehold, has been materially changed ; and things which the tenant has affixed to the freehold for the purposes of trade or manufacture may be removed, when the removal is not contrary to any prevailing usage, or does not cause any material injury to the estate. *Cresson* v. *Stout*, 17 Johns. Rep. 116 ; *Holmes* v. *Tremper*, 20 Johns. Rep. 29 ; *Grimes* v. *Boweren*, 4 Moore & Payne, 143 ; *Poole's Case*, 1 Salk. Rep. 368 ; 6 Bingham, 437; 2 Kent's Com. 343. But it is necessary that the articles be removed before the expiration of the lease ; if not, the legal presumption is that they are given up by the tenant to the landlord. *Stockwell* v. *Marks*, 5 Shepl. Rep. 455 ; *Goffield* v. *Hapgood*, 17 Pick. Rep. 192 ; *White* v. *Arndt*, 1 Whart. Rep. 91 ; *Union Bank* v. *Emerson*, 15 Mass. Rep. 159 ; *Lee* v. *Risdon*, 2 Taunt. Rep. 188 ; *Lyde* v. *Russell*, 1 Barn. & Ad. 394 ; *Beckwith* v. *Boyce*, 9 Mis. Rep. 560.

This rule applies chiefly to articles used in trade and manufactures, although it has in some instances been extended to those used for agricultural purposes. *Whiting* v. *Braston*, 4 Pick. Rep. 310 ; *Van Ness* v. *Pacard*, 2 Peters, U. S. Rep. 137 ; *Holmes* v. *Tremper*, 20 Johns. Rep. 29.

But however far Courts may have gone in derogation of the common law, in favoring the tenant, under the belief that the business community is thereby to be benefited, yet we find no case where the tenant of a farm has been permitted to remove the manure which has accumulated in the course of his term. On the contrary, there are several adjudged cases directly at issue with the position. In *Daniels* v. *Pond*, 21 Pick. Rep. 367, 371, a part of the manure in controversy had accumulated at one end of the barn, having been thrown from the stall where the cattle had been fed, and the Court say : " Manure made on

a farm occupied by a tenant at will for years, in the ordinary course of husbandry, consisting of collections from the stable and barn-yard, or of composts formed by an admixture of these with soil or other substances, is, by usage, practice, and the general understanding, so attached to and connected with the realty, that, in the absence of any express stipulation on the subject, an out-going tenant has no right to remove the manure thus collected, or sell it to be removed. Such a removal is a tort for which the landlord may have redress, and such sale will vest no property in the vendee. And this is said to be so, even though the manure be made by the cattle of the tenant, and with his own hay. *Lassell* v. *Reed*, 6 Greenl. Rep. 222 ; *Middlebrook* v. *Corwin*, 15 Wendell's Rep. 169.

As between grantor and grantee, the law is more favorable for the grantee than it is for a tenant. Between them the strict rule of the common law still prevails, and the grantee holds all fixtures, whether for trade and manufactures, or for the purposes of agriculture or habitation. *Day* v. *Perkins*, 2 Sandford's Ch. Rep. 364 ; *Kirwan* v. *Latour*, 1 Harr. & Johns. 289 ; *Miller* v. *Plumb*, 6 Cowen's Rep. 665. In *Stone* v. *Proctor*, 2 Chip. Rep. 113, Proctor sold the farm to Stone, March 22d, 1822, but was to retain possession till the 1st of April following. On the 28th and 29th of March, he drew from the premises the manure as it originally lay in the barn-yard and in heaps at the stable windows. The plaintiff proved his deed, which was in the usual form, and showed the removal of the manure by the defendant ; and it was held that he was entitled to judgment. The Court say : " The analogy of manure to other decomposed vegetables, which are unquestionably of the freehold and pass with it by deed, and the policy of the rule, as applicable to rural economy, induce the Court to decide that the manure of animals being in the yard, and at the stable windows in the stall in which it usually accumulates, is part and parcel of the freehold, and that as such it passes with the freehold by deed."

In the several cases cited, the principles which we have attempted to bring out and which govern the law of landlord and tenant, and grantor and grantee, upon the question discussed,

appear to us decisive of the point, that all manure about the premises conveyed, which has been made in the ordinary course of husbandry, passes to the vendee.   And we think the doctrine goes far enough to embrace the case under consideration.   It is not suggested that this manure was made out of the ordinary course of carrying on the farm; and if that which lies in the yard, or in heaps at the barn windows, will pass by the conveyance, we can see no good reason why that which is made in the same way, but which is thrown under a shed or into a place in the barn prepared for the purpose, should not also pass.   The principle that the freehold is to be injured by the removal, is as strong in the one case as in the other, with this difference, that the manure in the barn is usually more valuable.   The slight difference in the place of deposits, between the heaps at the windows and those under cover, cannot vary the principle or change the character of the property.   Good policy and good husbandry both require that all the manure that is made upon a farm should be used upon it.   We therefore arrive at the conclusion, that this manure passed to the plaintiff by the conveyance from Ham, unless the evidence was competent to show a reservation.

The argument of the counsel for the defendant proceeds upon the ground that manure is personal property, and that a reservation may, therefore, be made by parol.   In one view of the matter, it is, perhaps, personal property, if not incorporated with the soil.   It was so held in *Pinkham* v. *Gear, et al.* 3 N. H. Rep. 484.   So are crops, ripe and ready for harvest, so far personal property that they may be seized on execution and harvested by the officer.   And yet there can be no question that growing and even ripe crops pass with the land, if there is no reservation.   The various buildings upon the land, the fences, the crops, the fruit, and all fixtures, pass by the conveyance, unless there is a reservation.   They are all incident to the realty and pass with it; and manure comes within the same general principle, and is to be governed by the same rule.

It is quite clear that, as a general rule, parol evidence cannot be admitted to vary or control the terms of a written contract.

Manure passes by the conveyance of the land upon which it is; and to admit parol evidence to show that it was reserved, either before or at the time of the deed, would be to vary by parol a written conveyance of lands. The case of *Morse* v. *Peabody*, cited by the defendant, does not sustain his position. But on the contrary, it has been held, where A. quitclaimed land to W., on which a crop of wheat was growing, reserving the wheat by parol, both at the time of the quitclaim executed, and in a previous conversation, when it was agreed by the parties that it should be reserved, that such reservation was inadmissible to contradict the conveyance in writing, which carried the title of the wheat with the land. *Austin* v. *Sawyer*, 9 Cowen's Rep. 39. So, a parol reservation of a fixture, before or at the time of the delivery of a deed of land, is inadmissible in evidence to control the ordinary effect and operation of the deed. *Noble* v. *Bosworth*, 19 Pick. Rep. 314. Manure falls within the same principle; and a parol reservation of it either before or at the time of making the conveyance, must be held inadmissible to control the legal effect of the deed. The reservation to be effectual should be in the deed.

*Judgment on the verdict.*