## Sawyer *v.* Twiss.

Manure made upon a farm, in the ordinary course of husbandry, is not liable to be attached for the debts of the owner of the land as personal property, nor separately from the farm itself.

TROVER, for fifty loads of manure. Plea, the general issue. The manure in question was made on a farm owned and occupied by the defendant, and was lying in heaps about the barn on said farm. The farm was subject to a

mortgage to one Moore. Some of the cattle which made the manure were owned by Moore, and kept by the defendant for him, at a certain price per week, and the rest were owned by the defendant, but were subject to a personal mortgage to Moore. The manure was attached by a deputy sheriff, as the personal property of the defendant, and sold by him at public auction, on an execution issued on a judgment rendered by a justice of the peace against the defendant, and was purchased by the plaintiff in this suit.

Subsequently to the sale, and before the plaintiff had removed the manure, the defendant took it and used it on the farm.

It was agreed that judgment be rendered for the plaintiff, for the value of the manure and interest, or for the defendant, as the opinion of the court should be on the above case.

*E. S. Cutter*, for the plaintiff.

*Clark & Bell*, for the defendant.

BELL, J. It has been decided here, that as between grantor and grantee of a farm, the manure lying in heaps in the fields, or deposited about the barns and barnyards on the premises, passes with the real estate. It is an incident and appurtenance of the land, and part of the real estate, like the fallen timber and trees, the loose stones lying upon the surface of the earth, and like the wood and stone fences erected upon the land, and the materials of such fences when placed upon the ground for use, or accidentally fallen down. *Kittredge* v. *Woods*, 3 N. H. Rep. 503; *Needham* v. *Allison*, 4 Foster's Rep. 335; *Connor* v. *Coffin*, 2 Foster's Rep. 538.

Elsewhere it has been held, upon reasons which seem to us entirely satisfactory, that manure made by a tenant upon a leased farm, in the absence of any special contract or cus-

tom, belongs to the farm as an incident necessary for its improvement and cultivation. It is the property of the lessor of the farm, subject to the right of the tenant to use it in the cultivation of the land. The tenant has no right to remove it or use it for any other purpose, and it is not liable to be attached or holden for his debts. *Wetherbee* v. *Allison*, 19 Vt. Rep. (4 Wash.) 379; *Middlebrook* v. *Corwin*, 15 Wend. 169; *Goodrich* v. *Jones*, 2 Hill. 142; *Lassell* v. *Reed*, 2 Greenl. 222; *Daniel* v. *Pond*, 21 Pick. 371; 2 Kent's Com. 347, n. a. And this doctrine is recognized here in *Needham* v. *Allison* and *Connor* v. *Coffin* above cited.

Some authorities of ancient date lay down the law that manure in heaps, before it is spread upon the land, is a personal chattel, which goes to the executor and not to the heir. 11 Vin. Ab. 175, Executors 32, and *Carver* v. *Pierce*, Sty. 66, and *Yearworth* v. *Pierce*, S. C. All. 31, there cited; 1 Vin. Ab. 444, Actions for words R. a. 5; S. C. Toll. *Exors* 150; Math. *Exors* 27. And we regard the doctrine as correct, that manure generally is personal property, and as such goes to the executor. *Pinkham* v. *Gear*, 3 N. H. Rep. 484. But we think it may be doubted whether, notwithstanding the single decision on which these books rest, there is not a great weight of argument as well as of authority for holding that, even as between the heir and the executor, the manure made upon a farm, in the ordinary course of husbandry, is to be regarded as belonging to the farm, and an incident of the real estate. In *Needham* v. *Ellison*, it was held that the rule would be different as to manure made in stables and otherwise, not in the course of husbandry.

It is not easy to draw any line of distinction between manure in heaps and that which is spread upon the land; and we are of the opinion that whatever rule is adopted with regard to the manure upon a farm, which is not absolutely incorporated with the soil and become entirely undistinguishable from it, must be applied to all, in whatever

form it may be, whether it is in heaps at the barn windows, or lying about the barnyards, whether it is drawn out in piles for the purpose of fermentation, or mixed with other ingredients for compost, or it has been drawn out and thrown down in small parcels, for the purpose of being spread upon the land or placed in the hills of corn or potatoes. Whatever the rules of good husbandry or considerations of sound policy require us to decide in regard to this article, in one of its forms, is equally necessary and proper to be held in relation to it in all its states. We consider it as being very closely analogous to the muck and marl beds which are found on many farms, and which are extensively used in many places as dressing for land, or mixed into compost for the same purpose. We regard it, too, as having strong resemblances, as to its connexion with the realty, with the fences upon the land, which, though attached to the land in many cases by gravity alone, are yet beyond question parts of the realty itself. *Ripley* v. *Paige,* 12 Vt. 353; *Gibson* v. *Vaughan,* 2 Bailey 389, (3 U. S. Dig. 382); *Goodrich* v. *Jones,* 2 Hill 142.

Adopting, then, the opinion which we think supported by the strongest reasons, that the manure made upon a farm, in the ordinary course of husbandry, is to be regarded as an incident or appurtenant of the real estate,—a part of the freehold—the owner of the fee must of course have the authority and right to sell and dispose of it, to remove it from the land at his pleasure; and when so separated it becomes like the trees and fencing materials when separated, or like muck and marl when dug up and removed, merely personal property. But this right of the owner is a personal right, clearly so in the other cases mentioned, and it is not in the power of any officer, for the security of a debt, to attach and remove standing trees or fences, however slight their connexion with the earth, nor to dig or remove muck or marl, to dig plaister or coal, or carry away the loose stones from the surface. And upon equally strong,

perhaps much stronger grounds, we think an officer cannot be permitted to remove the manure upon a farm, which is indispensable to its beneficial cultivation.

In one respect the resemblance fails between such manure and the fences, muck, &c., to which we have compared it. It is an article of annual production, and it strikes many persons, that as the tenant is in general entitled to the produce of the property he hires, during the time he hires it, he must also be entitled to the manure as a part of the annual produce. But the duty of a tenant to treat his leasehold according to the rules of good husbandry is quite as strong as his right to take the annual produce. If this duty comes in conflict with the supposed right, it seems to us that sound policy, as it regards the community, forbids that a tenant should take, as a part of the produce of a farm, that which is necessary to its cultivation, and the removal of which is an appropriation not of the profits, but substantially of a part of the capital of the property leased.

Manure, regarded as a part of the annual produce of a farm, differs essentially from the crops generally and other productions of a farm. They are raised for the purpose of removal; they are designed, perhaps with the exception of hay and fodder, to be sold and disposed of as a part of the income and profits of the land, while the manure is never, unless by the most thriftless husbandman, sold or disposed of off the farm, nor used for any purpose but the improvement of the land. The annual crops are liable, by our law, to attachment and execution, when they have become mature and fitted for harvesting, and not before. They may then be properly removed, but the manure can never be removed from a farm or used elsewhere, consistently with sound public policy or private advantage.

Upon the views suggested, we are of opinion that the manure made upon a farm in the ordinary course of husbandry, is a part of the real estate, and that it cannot be attached or taken on execution separately from the land; that

when so attached the owner has no other rights over it than he has over the fences, except that of using it for the purpose of improving the land ; that he may be restrained from removing or disposing of it otherwise, pending the attachment, and that an officer attaching and removing such manure, without consent of the owner, is liable as a trespasser, and that neither he nor his vendee acquires any right to such manure by a levy upon and sale of it.

There must, therefore, be

*Judgment for the defendant.*