## BARTLETT v. HOYT.

Section 1 of chapter 107 of the Revised Statutes provides that all pressed hay, offered for sale, shall be branded with the first letter of the christian name and the whole of the surname of the person pressing or packing it, and with the name of the town and the initials of the State; and section 2 imposes a penalty upon any person who shall offer for sale any bundle of pressed hay not so branded.

It appeared that the plaintiff agreed with the town which owned certain hay, while it was stored and before it was pressed, to purchase it, delivered in pressed bundles, at a certain price, the weight to be ascertained after it was pressed; that the town agreed to deliver it when pressed, and it was pressed and delivered accordingly, and the price paid by the plaintiff, but the brands mentioned by the statute were not upon the bundles.

*Held*, that the plaintiff's possession was sufficient to enable him to maintain trover for the hay, against a wrong-doer.

*Held*, also, that no penalty was incurred, because no pressed hay was offered for sale; the contract for the hay having been made before the hay was pressed; and that the omission of the brand constituted no defect in the plaintiff's title,

*Held*, also, that the contract of sale was voidable only, and that no person could interfere and avoid it but one of the parties.

TROVER for ten bundles of pressed hay.

Plea, the general issue.

Upon the trial it was proved by the plaintiff that the hay in question was cut and stored on the farm in Durham, owned by the town, in the summer of 1851; that the plaintiff agreed with the town while the hay was so stored, and before it was pressed, to purchase it, delivered in pressed bundles, at the depot of the Boston and Maine Railroad, in Durham, at the price of $9,50 per ton, the weight to be ascertained after it was pressed; that the town agreed so to deliver the hay when pressed, and it was there pressed and delivered by the town accordingly, and the stipulated price paid by the plaintiff. No brand or mark of the surname of the person who pressed the hay, nor of the name of the town where it was pressed, was made upon any of the bundles; and the defendant objected that upon these facts the plaintiff had not proved such title to the property as to e

able him to maintain trover therefor, and a nonsuit was entered, subject to the opinion of the superior court.

*Hobbs* and *T. E. Sawyer*, for the plaintiff.

The statute imposes a penalty only on the person who shall offer for sale pressed hay, not having branded on the bundles the surname of the person packing it and name of the town and initials of the State where sold. Comp. Stat. ch. 110, §§ 1, 2. No penalty is imposed upon the purchaser for making the purchase.

We apprehend the purchase, accompanied with the payment and delivery, is valid against one who shows no title, and is a mere wrong-doer. The possession is a sufficient title in the purchaser to enable him to maintain trover against a mere stranger to the title.

At any rate, we think it is sufficient that the plaintiff, in ~ase, is not to be regarded as being in *pari delicto* with ᵀoby v. *West*, 4 N. H. Rep. 285.

ᐟ purchase is not prohibited by the statute, s terms or by implication, by an imposition of ᵢhe act.

st the town, the case is quite clear. The town ᵤot retain the possession or property of the hay.

It would be going quite far to say that one who has no title, either by virtue of the prohibited sale or by delivery from any one having the title to it, or in any other way except by his own act in converting the property of which complaint is made, is clothed with a better title than he who was well possessed of the property and had possession, as against the former sale and admitted owner of the property.

Actual possession, merely, is sufficient to maintain trover against a wrong-doer. The plaintiff was in actual possession of the hay, and can maintain trover against the defendant. *Smith* v. *Bean,* 15 N. H. Rep. 577, and cases cited. *Clark* v. *Gibson & Tr.* 12 N. H. Rep. 386. *Sutton* v. *Buck*, Taun. 302, is a case directly in point. Here there was no

registry of the ship, necessary by statute to pass title; and *Lawrence*, J., says " there is a distinction in the books between a wrong-doer and one acting under color of title," and cites *Armory* v. *Delamirie*, 1 Str. 505. *Chambre*, J., says " it would be monstrously inconvenient if a wrong-doer could come and take things out of the possession of him who had possession under the rightful owner."

*Christie* and *Kingman*, for the defendant.

The statute prohibits the sale of pressed hay unless branded, &c. Rev. Stat. 210. This renders such a sale illegal and void. *Roby* v. *West*, 4 N. H. Rep. 285; *Pray* v. *Burbank*, 10 N. H. Rep. 378; *Favor* v. *Philbrick*, 7 N. H. Rep. 326.

The plaintiff, therefore, fails to prove such a title to the property in question as will enable him to maintain trover. *Odiorne* v. *Colley*, 2 N. H. Rep. 67; *Jones* v. *Sinclair*, 2 N. H. Rep. 320. A contract made in violation of a statute for the protection of the public is always void. 7 N. H. Rep. 326.

GILCHRIST, C. J. When property is sold in violation of a prohibitory law, " the contract is void, so far as it is attempted to be made the foundation of legal proceedings. The law will not interfere to assist the vendor to recover the price. The contract is void for any such purpose. It will not sustain an action by the vendor upon any warranty or fraud in the sale. It is void in that respect. The principle shows that the law will not aid the vendor to recover the possession of the property, if he have parted with it. The vendee has the possession as of his own property, by the assent of the vendor, and the law leaves the parties where it finds them. If the vendor should attempt to retake the property without process, the law, finding that the vendee had a possession which could not be controverted, would give a remedy for the violation of that possession. When,

then, it is said that the contract is void, the language is used with reference to the question whether there is any legal remedy upon it." *Smith* v. *Bean*, 15 N. H. Rep. 578.

It is provided by section 1 of chapter 107 of the Revised Statutes that all pressed hay offered for sale shall be branded with the first letter of the christian name and the whole of the surname of the person packing or pressing it, and with the name of the town and the initials of the State.

Section 2 enacts that if any person shall offer for sale or ship any crate or bundle of pressed hay not branded as aforesaid, he shall forfeit $5 for each offence.

The action in this case is trover.

I. The penalty is imposed for offering for sale any pressed hay. The case does not find that any pressed hay was offered for sale. The agreement was made before the hay was pressed, and there was no other offer for sale than that made at this time. No agreement was made at the time the hay was delivered and no offer; all this, every thing of this kind, was done in relation to hay that had not been pressed. The hay was pressed when it was delivered, but not when it was offered for sale. The penalty is incurred by offering for sale hay then existing in the form of pressed bundles, and not marked according to the statute, but it is not incurred by offering for sale hay not then pressed, but to be delivered in pressed bundles at a future day, because then it cannot be the subject of a violation of the statute. This omission, then, can constitute no defect in the plaintiff's title.

II. The hay was rightfully in the plaintiff's possession. No one could show so good a title to it. He received it of the owner and paid for it. No principle of law or of reason can justify the defendant, a mere wrong-doer, in taking it from the plaintiff's possession. He has no right to attempt to vindicate the law in this way. The plaintiff's possession is title enough against every one who cannot show a better

title.   *Jones* v. *Sinclair*, 2 N. H. Rep. 319; *Pinkham* v. *Geer*, 3 N. H. Rep. 484.

The plaintiff had possession, and that is sufficient, in trover, against a wrong-doer.   It is enough until the defendant shows a better title.   *Sutton* v. *Buck*, 2 Taun. 302. There a defective registration of the sale of a ship, in consequence of which the sale was invalid between the parties, was held to be no reason why the plaintiff could not maintain trover against a wrong-doer.

It may be added, also, that the contract was voidable, and no other person could interfere and avoid it than one of the parties.

*Nonsuit set aside.*