JOHN S. PECK, Respondent, *v.* JOHN BROWN *et als.*,
APPELLANTS.

CORDWOOD AND TIMBER CUT ON PUBLIC LAND. Cordwood and other timber cut
into merchantable form before, and remaining on public land at the date of,
the issuance of a patent is personal property, and does not pass with the land
to the patentee.

REMOVAL OF WOOD CUT ON PUBLIC LAND BEFORE PATENT. Where ·Peck, being
the patentee of certain public land, procured an injunction to restrain Brown
and others from cutting growing trees, and also from removing certain cord-
wood and other timber cut before the issuance of the patent and still remain-
ing on the land : *Held*, that the injunction should be so modified as to allow
the cordwood and cut timber to be removed.

APPEAL from the District Court of the Third Judicial District,
Washoe County.

The land referred to in the opinion was the northwest quarter of
the northeast quarter, and the northeast quarter of the northwest
quarter of section sixteen, in township seventeen north, range nine-
teen east, in Washoe County. The wood remaining on the land,
and to restrain the removal of which the injunction was granted,
was alleged to consist of one hundred cords, worth three dollars per
cord.

*Robert M. Clarke*, for Appellants.

I.   The Court found the defendants in possession of the land and
wood, but failed and refused to find the plaintiff the owner of, or
entitled to the possession of, the wood. The decree for possession
of the land to plaintiff, therefore, erred in enjoining defendants from
removing the wood.

Finding the defendants in possession at the time of suit, and
refusing to determine them the owners, or otherwise, the Court
orders them to deliver the land upon which the wood is situated,
denying them the right or opportunity to remove it, and thus puts
defendant out of, and the plaintiff into, the possession of the wood.

II.   The defendants having been in possession of the land under
claim of possessory title, and whilst so in possession having cut the
wood from trees growing upon the land, are the owners of it, and

entitled to the possession of it as against the plaintiff, who acquired
the paramount title from the State at a period subsequent to the
cutting.

*W. L. Knox* and *A. C. Ellis,* for Respondent.

I.   The record shows no error to the prejudice of defendants,
and they have no reason to complain.   (*Thompson* v. *Lyon,* 14
Cal. 42 ; *Kilburn* v. *Ritchie,* 2 Cal. 148 ; *Clayton* v. *West,* 2
Cal. 382 ; *Smith* v. *Brannon,* 13 Cal. 116.)

In the absence of a statement of the testimony, it will be pre-
sumed that the Court below acted upon proper evidence, and that
the judgment is right, unless errors are disclosed by the pleadings,
or in the judgment itself.

II.   The patent is conclusive as to plaintiff's title.   (*Boggs* v.
*M. M. Co.,* 14 Cal. 362 ; *Yount* v. *Howell,* 14 Cal. 467 ; *Ely* v.
*Frisbie,* 17 Cal. 250.)

III.  Plaintiff is entitled to the timber cut by trespassers on his
land.   (*Kittredge* v. *Woods,* 3 N. H. 503 ; *Parsons* v. *Camp,* 11
Conn. 525 ; *Brown* v. *Ware,* 12 Shepl. 411 ; *Sands* v. *Pfeiffer,*
10 Cal. 263 ; *Hallick* v. *Mixer,* 16 Cal. 575 ; *Billings* v. *Hall,*
7 Cal. 7.)

IV.   The remedy by injunction was the proper remedy, and the
judgment for a perpetual injunction is right.   (*Speer* v. *Cutter,* 5
Barbour, 486 ; *Hicks* v. *Michael,* 15 Cal. 116 ; *Hicks* v. *Compton,*
18 Cal. 208 ; *Payne & Dewey* v. *Treadwell,* 16 Cal. 223.)

By the Court, WHITMAN, J. :

The decree from which this appeal is taken was rendered in an
action for the recovery of real property ; seeking also an injunction
to prevent the cutting of standing timber upon the premises, and
the removal of trees already cut and made into cordwood or other
merchantable form.   The decree granted the entire relief sought.
This appeal, though nominally from the whole thereof, is really only
from such portion as enjoins the removal of timber cut, as aforesaid.

It is true, as urged by respondent, there is no assignment of
errors, or proper statement in the transcript ; what is offered as a
statement, lacks its vital and essential ingredient ; there is no recital

of the grounds upon which the parties rely for relief, but the judgment-roll presents all that is necessary for the decision of the point urged by appellants. The District Court finds that they were in possession at the date of suit, and had so been for some time there before, and had then cut the timber aforesaid; that respondent had no title to the described premises until the tenth day of July, 1868, when he acquired a patent by purchase from the State; that the "greater part" of the acts of appellants were done prior to such date. What acts were subsequently done is not found, and as no subdivision is made, the case stands here as if all were done before that time. Unless the right to the timber cut passed to respondent by his patent, he had none; and it could only pass as of a fixture on, or appurtenance to, the realty; but timber felled by act of man, or wood cut, is personal property. Some of the decided cases go a great length in passing with the freehold what abstractly would be held personalty; perhaps none has further extended the rule, or its application, than *Farrar* v. *Stackpole*, (6 Maine 155) and *Kittridge* v. *Woods*, (3 N. H. 503). In the first of these cases, it was held that a mill-chain, dogs, and bars in their appropriate places when the deed was made, the chain attached by a hook to a piece of draft chain, which was fastened to the shaft by a spike, passed under a deed conveying a saw mill with the privileges and appurtenances. This decision was based upon the principle, "that certain things, personal in their nature, when fitted and prepared to be used with real estate, change their character and appertain to the realty as an incident or accessory to its principal." In the second case cited under the same rule, it was held that certain heaps of manure passed by deed for the land, as appurtenant, being intended to be used upon it, and for its benefit. In the present case the timber and wood were cut expressly to be taken from the premises, and the rule of decision quoted has no application. (*Walker* v. *Sherman*, 2 Wend. 638; *Cook* v. *Whitney*, 16 Ill. 481; *Wincher* v. *Shembury*, 2 Scam. R. 283.) This last case is precisely in point upon the facts, so far as respondent's claim is concerned. Shembury had obtained a certificate of purchase to certain government land, upon which prior to its date, Wincher had cut certain rails and sawed timber.

After acquiring his certificate, S. prohibited W. from removing the rails or timber, and took them away himself. W. brought action to recover the value, and the Court held that he could maintain the same as against Shembury, saying: "A certificate of purchase or patent vests in the patentee a title to the land, and generally all that is growing on, or is in the contemplation of law attached to the land—as houses, fences, growing timber, grains, etc.; and it is said fallen timber passes with the land. But that which has been severed from the land, and by the art and labor of man converted into personal property, such as implements of husbandry, barrels, furniture, or even rails when not put into a fence, or evidently intended to be so used upon the land, (which could not be inferred if made by a stranger) do not pass with it, any more than the grain, grass, or fruit which has grown upon, and been gathered from it." Respondent having then no title to the timber and wood cut, had no right to an injunction to restrain appellants from removing the same. (Whether under any state of facts such relief would be proper is not here decided.) The District Court erred in granting such relief; the decree, correct in other respects, must be modified in this, and the cause is remanded, with direction to strike from the decree all that portion restraining appellants from removing the timber or wood cut prior to the tenth day of July, A.D. 1868.

JOHNSON, J., did not participate in the foregoing decision.