**In the Matter of Lewis L. PRAGER d/b/a Nashua Mill Outlet.**

**Bankruptcy 5749.**

United States District Court
D. New Hampshire.

Oct. 21, 1958.

Jerome L. Silverstein, Nashua, N. H., for petitioning creditors.

Aaron A. Harkaway, Nashua, N. H., Trustee of Bankrupt Estate.

Morris D. Stein, Nashua, N. H., Assignee and Attorney for Bankrupt.

Karl E. Dowd, and Antoine A. Guertin, Nashua, N. H., for Consolidated Distributing Company re Reclamation Petition.

CONNOR, District Judge.

This is a petition for review of the referee in bankruptcy's order granting a petition to reclaim property.

Lewis L. Prager, d/b/a Nashua Mill Outlet of Nashua, New Hampshire, hereafter called "the bankrupt," by an exchange of letters with Consolidated Distributing Co., Inc. of Boston, Massachusetts, hereafter called "the consignor," entered into an arrangement by which the consignor would ship merchandise to the bankrupt on a "consignment basis." In the correspondence, the question of the consignee's credit was raised and the consignor reserved the right to recall the goods at any time. Payments were to be made for that part of the merchandise sold when the consignor's agent called at the store. The letters in question were not recorded.

On February 19, 1957, the bankrupt made an assignment for the benefit of creditors.

The assignee made arrangements for the sale of the assets at public auction. Prior to the sale, the consignor informed the assignee of its consignment arrangement and demanded its merchandise

valued at $527.55. An agreement was reached between the assignee and the consignor by virtue of which all the merchandise on the premises would be sold together at public auction, purportedly because the best price could thereby be obtained. It was agreed that the entire claim of the consignor would attach to the proceeds. The sale took place as scheduled and all the merchandise was sold at public auction. The proceeds could not be traced directly to the consignor, nor were the consignor's goods, prior to sale, segregated from the other merchandise.

On March 26, 1957, an involuntary petition in bankruptcy was filed and adjudication followed on April 10, 1957.

The consignor then filed a petition for reclamation for $527.55, but later, at a meeting on November 20, 1957, by agreement of all parties, the amount in controversy was reduced to $316.53. The referee, by order dated December 19, 1957, allowed this claim, and the creditors of the bankrupt now petition for review.

The order of the referee should be affirmed, but upon different grounds than those reached in his order. The arrangement between the bankrupt and the consignor, for reasons stated below, is in fact a consignment and the consignor prevails over the other creditors. The referee in his order raised the question of the validity of a lien of a conditional vendor. But the contract between the parties has none of the essential characteristics of a conditional sale.

■ A consignment of goods for sale is a bailment and does not imply a sale, but imports an agency with title in the consignor. 12 C.J. 528; 15 C.J.S. Consignment. A conditional sale, on the other hand, obligates the vendee to buy and in this state must be recorded if the vendor is to be protected. RSA 361:5. The vendor has title and a security interest, but his security interest is determined by the conditional sales act. A consignor has a greater security interest because he is not bound by the conditional sales act. "The vital, distinguishing feature of a conditional sale is that the purchaser undertakes an absolute obligation to pay for the goods; while a consignment is nothing more than a bailment for sale." In re Sachs, D.C.Md.1927, 21 F.2d 984, 986.

The two exhibits indicate that a consignment was intended. The word "consignment" is used. The letters contemplate that the bankrupt was to "pay" only after the goods were sold. This indicates that the bankrupt was not obligated to buy at all, but only to act as the consignor's agent in collecting from purchasers. That the consignor was wary of extending credit and reserved the right to recall the goods at any time demonstrates that a consignment with full rights in the consignor, rather than a conditional sale with the limited security interest afforded by the conditional sales act was intended. This conclusion is reached in spite of the fairly broad definition of conditional sale in RSA 361:1.[1]

■ Since the transaction is a consignment, the consignor must prevail against the trustee in bankruptcy:

If the contract and the conduct of the parties show an actual consignment, the title to the property is in the consignor and the consignee's trustee has no claim thereon. Collier Bankruptcy Manual, page 918.

■ See also, Nathanson v. Worcester Bank & Trust Co., 1 Cir., 1934, 73 F.2d

1. "Definition of Terms. In this chapter 'Conditional sale' means (1) any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency; or (2) any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract."

889, holding that where stock was consigned to the bankrupt for sale at its store and the agreement required an accounting and division of profits, the executor of the consignor was entitled to possession of the stock remaining unsold, where there was no showing that any creditor of the bankrupt was misled. In the present case, there is no showing that any creditor was misled, and it seems unlikely that any would be, in view of the small ratio which the consigned goods bore to the total assets of the bankrupt.

It has been held in this district that goods held by a bankrupt on consignment do not pass to the trustee, but belong to the consignor. In re Wood, D.C.N.H. 1922, 283 F. 565. See also Jones v. Sinclair, 2 N.H. 319.

The fact that goods were commingled in the store does not prejudice the consignor. McCallum v. Bray-Robinson Clothing Co., 6 Cir., 1928, 24 F.2d 35.

One difficulty in this case is that, prior to the filing of the bankruptcy petition, the consignor and the assignee of the bankrupt agreed to sell all the assets, including the consigned goods, allegedly for the purpose of obtaining the best price, with the understanding that the consignor would have the same rights to the money that it would have had to its merchandise. The goods were sold, but the money received could not be traced to any particular assets. The creditors of the bankrupt claim that the assignee exceeded his authority in making the agreement and that the petitioner lost its rights when the proceeds became commingled and unidentifiable. This is the general rule announced in In re Wood, 283 F. 565, supra, and other cases, but it should not prevail in this case because of the reservation of rights by the consignor.

Whether the agreement with the assignee was authorized or unauthorized, the consignor reserved its rights in the goods. The joint sale of all the goods was for the benefit of all the creditors, because the best price could be obtained only in this way. The consignor did everything it could do. It requested the return of its goods prior to the sale, although the request was refused, and its attorney appeared on the day of the sale with a deputy sheriff for the purpose of replevying the goods. Even if the agreement were unauthorized, it was to the advantage of the creditors and they cannot be heard to complain.

It may be argued that the result here reached might work an injury on creditors who have no knowledge of any consignment arrangement. It suffices to say that if the legislature felt that consignments should be recorded, like conditional sales and chattel mortgages, it should so ordain.

The order of the referee is affirmed.

