## Case No. 7,758.

### KIDWELL v. MASTERSON.

[3 Cranch, C. C. 52.] [1]

Circuit Court, District of Columbia. March 28, 1827.

PRACTICE IN EQUITY — MOTION TO DISSOLVE INJUNCTION—ADEQUATE REMEDY AT LAW— EQUITY OF COMPLAINT.

1. A court of equity will at any time, upon motion and notice, dissolve an injunction, for want of equity in the bill.

2. A court of equity will not grant relief upon grounds of which the complainant might have availed himself at law.

3. Before a court of equity will stay a judgment at law, it must see clearly that the complainant has equity on his side.

Bill in equity to stay a judgment at law [Case No. 9,269] rendered upon an award of arbitrators. An injunction had been granted by one of the judges in vacation; and Mr. Marbury, having given notice to the complainant, now moved to dissolve the injunction, for want of equity in the bill. The bill after stating the original merits of the case at law, alleges that the arbitrators promised the complainant that they would not proceed to make an award, and would return the papers; notwithstanding which they did proceed, and made an award, which was returned to the court; of which he was informed by his solicitor, who filed exceptions, which were overruled, and judgment was rendered upon the award. That he was and still is unable to prove that promise, unless by the arbitrators themselves. It also alleges other improper conduct on the part of the arbitrators.

Mr. Marbury, for defendant, contended that this is not a ground of equitable jurisdiction, because the court of law which rendered the judgment upon the award was fully authorized by the act of Maryland of October, 1778, c. 21, §§ 8, 9, to give relief in such a case upon the return of the award. The words of the act are that, "if it shall appear to the justices of the court to which any such award shall be returned," "that the same was obtained by fraud or malpractice in, or by surprise, imposition, or deception of, the arbitrators, or without due notice to the parties, or their attorney or attorneys, the said court may set aside such award, and refuse giving judgment thereon." The bill does not state any

1 [Reported by Hon. William Cranch, Chief Judge.]

reason why the complainant did not apply to the court of law for relief.

Mr. Swann, for complainant, contended that the arbitrators did not do justice to Kidwell, and went into the merits of the original dispute between the parties, and contended that fraud, malpractice, surprise, imposition, and deception, are clear and original grounds for relief in equity, and that their being also made by statute grounds of relief by the court of law does not oust the court of equity of its original jurisdiction; and equity will give relief if the arbitrators have mistaken either the fact or the law. Corneforth v. Geer, 2 Vern. 705; Montefiori v. Montefiori, 1 W. Bl. 364; Anon.. 3 Atk. 644; Morgan v. Mather, 2 Ves. Jr. 15; Tillotson v. Cheetham, 2 Johns. 63; Young v. Walter, 9 Ves. 364.

Mr. Marbury, in reply, cited Fetherstone v. Cooper, 9 Ves. 67. See, also, Kampshire v. Young, 2 Atk. 155.

CRANCH, Chief Judge. If the arbitrators promised the complainant that they would not proceed to make an award, and did afterwards proceed to make an award without notice to the complainant; such an award was obtained by malpractice in the arbitrators, and the court of law might have set it aside. No sufficient reason is shown in the bill why the complainant did not apply to that court to do. so. He suggests as a reason, that he could not prove the promise, except by the arbitrators themselves. But their testimony was as easily obtained in a court of law as in a court of equity. No principle is better settled than that, if a party has a full remedy at law, he has none in equity. In the case of Young v. Walter, 9 Ves. 364, the point decided was, that if the parties refer to a person to decide all matters in difference according to law, and he means to decide according to law, and mistakes, the court will set that right; but if a distinct question of law, and nothing else, is referred, and the parties choose to say they will not take the decision of the court, but will take whatever an arbitrator shall say is the law between them, why may they not so agree? But in Fetherstone v. Cooper, 9 Ves. 67, where the objections to the award were within the jurisdiction of the court of law in which the reference was made, the lord chancellor said,— "An application might have been made to the court of king's bench at any time for the reasons in the bill; for there is no reason in the bill upon which the jurisdiction of that court (call it legal or equitable) would not as much attach as the jurisdiction of this court." "But it is material whether the case is brought here upon those grounds, the discussion of which is peculiar to courts of equity, or additional to those which might have been stated to the court of law. Without saying this jurisdiction is shut out, the circumstance of not applying to the court of law is a fair ground for this court to deal less actively for a person who could have relieved himself at law, than where the bill brings forward additional grounds, or grounds peculiar to this court." The bill states that the award was made by the arbitrators, "under a mistaken impression of the facts as well as the law," but does not set forth in what particulars; so that the court cannot see whether those facts, or that law, mistaken by the arbitrators, were material to the cause. Before the court of equity will stay the judgment at law, it must see clearly that the complainant has equity on his side. This allegation being the only one in the bill which would afford a ground of relief peculiar to a court of equity, and not being stated with so much certainty as to enable the court to see that the mistake was material, the court must dissolve the injunction.

Injunction dissolved, March 28, 1827.

KIDWELL (MASTERSON v.). See Case No. 9,269.