## MIDDLEBROOK *vs.* CORWIN.

Where a farm is taken by a tenant for agricultural purposes, the *manure* made upon it belongs to the farm, and not to the tenant; at the expiration of his term, the tenant has no right to remove or dispose of it.

ERROR from the Orange common pleas. Middlebrook sued Corwin in a justice's court, for several loads of *manure* carried away from a farm occupied by one Van Cleft as tenant to Middlebrook for a year. The farm was stocked by Middlebrook with twenty milch cows, a pair of working cattle, and other cattle. The manure was sold by the tenant to the defendant, and taken from the barn-yard of the farm shortly before the expiration of the tenant's term. The justice render-

NEW-YORK, May 1836.

Middlebrook
v.
Corwin.

ed judgment in favor of the plaintiff, which was *reversed* by the Orange common pleas, on *certiorari*. The plaintiff below sued out a writ of error.

*W. F. Sharp & H. G. Wisner*, for plaintiff in error.

*C. G. Bradner*, for defendant in error.

*By the Court*, Nelson, J. It is laid down in several books, that manure in heaps, before it is spread upon the land, is a personal chattel. 11 *Viner*,175,*tit. Executors. Toller's Law of Executors*,150. *Matthew's Executor*,27. It further appears that it is common to insert a covenant in the lease of a farm, to leave the manure of the last year upon it. All this would seem to imply that the article belongs to the tenant, and that without a covenant he might remove it. If a farm is leased for *agricultural* purposes, good husbandry, which without any stipulation therefor is implied by law, would undoubtedly require it to be left ; if rented for other purposes, this conclusion might not follow. In *Watson* v. *Welsh*, tried in 1785, in summing up to the jury, the judge said that it was matter of law to determine what was using the land in a husbandlike manner, and expressed the opinion that under a covenant so to work a farm, the tenant ought to use on the land all the manure made there, except that when his time was out, he might carry away such corn and straw as he had not used there and was not obliged to bring back the manure arising therefrom. *Woodfall's Landlord and Tenant*,255. 1*Esp. N. P. part* 2, *p.* 131. Perhaps this rule should be taken with some qualifications. The practice and usage of the neighboring country, and even in relation to a particular farm, should enter into the decision of the question. 4 *East*, 154. *Doug. R.* 201. *Holt's N. P. R.*197. 2 *Barn. & Ald.* 746. This is reasonable, because the parties are presumed to enter into the engagement with reference to it, where there is no express stipulation. What may be good husbandry in respect to one particular soil, climate, &c. may not be so in respect to another. Independently, however, of the usage and custom of the place, the rule of Mr. Justice *Buller*,

I apprehend, may be the correct one. In the recent case of *Brown* v. *Crump*, 1 *Marsh*,567,Chief Justice *Gibbs* said, that he had often heard him ( Mr. Justice *Buller* ) lay down the doctrine, " that every tenant, where no particular agreement existed dispensing with that engagement, is bound to culti-vate his farm in a husbandlike manner, and to consume the produce on it. This is an engagement that arises out of the letting, and which the tenant cannot dispense with, unless by special agreement." Without carrying the doctrine to this extent, we may, I think, safely say, upon authority, that where a farm is let for agricultural purposes, no stipulation or custom in the case, the manure does not belong to the tenant, but to the farm ; and the tenant has no more right to dispose of it to others, or remove it himself from the premises, than he has to dispose of or remove a fixture.

Case is the appropriate action for the injury complained of, 1 *Chitty's Pl.* 142. The tenant having no authority himself to remove the manure, could give none to the defendant. The judgment of the common pleas must be reversed, and that of the justice affirmed.

Judgment accordingly.