By the Court,
Cowen, J.
The common pleas appear to have taken the same view of Goodrich’s, or rather Yose’s title to the boards, as did the justice. There cannot be a doubt that they were right. Fences are a part of the freehold; and that the materials of which they were composed are accidentally or temporarily detached, without any intent in the owner to divert them from their use as a part of the fence, works no change in their nature. (Vid. Walker v. Sherman, 20 Wendell, 639, 640.)
With regard to the manure, we have held that even as between landlord and tenant, it belongs to the former; in other words, it belongs to the farm whereon it is made. *144 This is in respect to the benefit of the farm, and the common course of husbandry. The manure makes a part of the freehold. (Middlebrook v. Corwin, 15 Wendell, 169.) Nay, though -it be laid up in heaps in the farm-yard. (Lassell v. Reed, 6 Greenl. 222. Daniels v. Pond, 21 Pick. 367.) (a) The rule has always been still stronger in favor of the vendee as against vendor, and heir as against executor. In Kittredge v. Woods, (3 N. Hamp. Rep. 503,) it was accordingly decided, that manure lying in a barn-yard passes to the vendee.. (See also Daniels v. Pond, before cited.)
The case of Kittredge v. Woods, was very well considered; and the right of the vendee to the manure, whether in heaps or scattered in the barn-yard, vindicated on principle and authority I think quite satisfactorily.
There are several English dicta which conflict with our views of the right to manure, as between landlord and tenant, and that of the court in New-Hampshire, as between vendor and vendee. (And vid. 2 Kent’s Com. 346, note c, Ath ed., and Carver v. Pierce, Sty. 66.) But they may all be considered as repudiated by Middlebrook v. Corwin. Tide the introductory remarks of Mr. Justice Nelson, 15 Wend. 170.
The judgment of the common pleas must be reversed; and that of the justice affirmed.
Judgment reversed.

 See Staples v. Emery, 7 Greenl. 203.