## ENOCH WETHERBEE v. ADOLPHUS ELLISON.

The manure of animals, made upon a farm, whether spread about the barn yard, or lying in piles at the stable windows, or lying in the stables, where it has been suffered to accumulate, will pass by a deed of the freehold, as appurtenant to it.

And the tenant will have no right to remove the manure, notwithstanding he owned the crops from which it was made, if it appear that the crops were the product of the farm; in such case the rules of good husbandry require, that the manure should be expended upon the farm.

And where the defendant, who was in the occupancy of the farm, as tenant, at the time of the conveyance of the farm by the owner of the fee to the plaintiff, subsequent to that conveyance removed from the farm the manure which he had before suffered to accumulate in the stable, it was held, that, even upon the supposition, that, as between the defendant and the grantor of the plaintiff, the defendant had the right to remove the manure, yet, in the absence of any notice, either *actual*, or *constructive*, to the plaintiff, of this right, the defendant's *intention* to remove it, at the time he piled it in the stable, could not affect the plaintiff's right to it, unless that intention was *manifested* by some *act*, sufficient to put the plaintiff upon inquiry at the time of his purchase.

TRESPASS for taking thirty loads of manure. Plea, the general issue, and trial by jury, November Term, 1844,—HEBARD, J., presiding.

On trial the plaintiff gave in evidence a deed to himself of the farm from which the manure was taken, dated February 6, 1844, and also gave evidence tending to prove, that, at the time the deed was executed, there was upon the farm, in a stable, which had been used for a hog pen, a quantity of manure, which the defendant subsequently took from the farm.

The defendant gave evidence tending to prove, that he had formerly owned the farm, and that he occupied it during the year 1843, and that the manure in question was made by his cattle and hogs, from crops raised by him on the farm during that year, and that he piled up the manure in the stables where the cattle stood, and took it from the stables and carried it off the farm, without throwing or placing it, in any manner, upon the plaintiff's land.

The plaintiff requested the court to charge the jury, that, if the

defendant took the manure from the farm after the plaintiff purchased it, even if the manure had not been removed from the stables until it was loaded to be taken away, the plaintiff was entitled to recover the value of the manure so taken. But the court instructed the jury, that, if the defendant kept the manure in the stables, intending to remove it from the farm, and did remove it without throwing it upon the plaintiff's land, the plaintiff could not recover.

Verdict for defendant. Exceptions by plaintiff.

*S. Fullam* for plaintiff.

The plaintiff insists, that manure in a stable and hog pen passes by the deed with the land upon which it is situated, as well as manure made on the land, after the execution of the deed, from the crops previously raised thereon. *Stone* v. *Proctor*, 2 D. Ch. 108. *Ripley* v. *Paige*, 12 Vt. 353. The question as to the defendant's intention to remove the manure has nothing to do with the case.

*O. P. Chandler* for defendant.

There is no pretence, that the manure was not the property of the defendant, unless it had become part of the realty by being thrown upon the stable floor in the manner detailed. We insist, that this comes within no principle ever recognized in law; and that manure no more becomes a part of the realty, in such case, than would grain, or potatoes, if thrown into a corner of the stable, for the purpose of being afterwards removed. *Stone* v. *Proctor*, 2 D. Ch. 108.

The opinion of the court was delivered by

KELLOGG, J. The principle may be regarded as well settled in this state, that the manure of animals, spread about the barn yard, or laying in piles at the stable windows, is so attached to the land, that it passes, by a deed of the real estate, to the grantee. It was so held by this court in the case of *Stone* v. *Proctor*, 2 D. Ch. 108; and this would seem to be decisive of the present case, unless the situation of the manure, at the time of the conveyance of the freehold to the plaintiff, was such as to materially vary it from the case of *Stone* v. *Proctor*. Now we cannot perceive any substantial differ-

ence, as it respects the rights of the owner of the freehold to the manure, whether the same is in the yard, or at the stable windows, or in the stable, where the same has been suffered to accumulate. The same would, in either case, pass by a deed of the freehold, as appurtenant to it.

But it is urged, that the manure in question was made from hay which belonged to the defendant, and that therefore he had the right to remove it. This, we apprehend, does not, under the circumstances of the case, give the defendant the right he claims of removing the manure. It appears, that the defendant occupied the farm the year preceding the removal of the manure, as a tenant; and, as we understand from the bill of exceptions, the manure was made from the crops raised upon the farm; which the rules of good husbandry required should be used and expended upon and about the farm. Under such circumstances, in the absence of any agreement authorizing it, he would not have a right to remove the manure from the farm.

The court below seem to have attached importance to the fact of the defendant's *intention*, by keeping the manure in the stables, to remove it, and to have so instructed the jury. This, we think, unqualified and unexplained, was clearly erroneous. Even upon the supposition, that, as between the defendant and the grantor of the plaintiff, the defendant had the right to remove the manure, yet in the absence of any notice, either *actual*, or *constructive*, to the plaintiff, of this right, the defendants *intention* to remove it could not affect the plaintiff's right to the manure, unless that intention was *manifested* by some *act*, sufficient to put the plaintiff upon inquiry, at the time of his purchase.

Upon the whole, we are of opinion that the instructions to the jury were wrong; and consequently the judgment of the county court must be reversed.