Denio, J. (dissenting.)
 

 The only question in this case is, whether the hop-poles which formed the consideration of the note on which the action was brought were real or personal property. The owner of the farm on which they were used mortgaged it, and died. The plaintiff, who was executrix of the mortgagor, sold the hop-poles and took the note in question for the price. The mortgage was then foreclosed, and on the sale the mortgaged premises were purchased by a stranger. The defendant,, who purchased the hop-poles and gave the note, maintains that it was given without consideration, the plaintiff, as he
 
 *118
 
 insists, not being the owner of, and having no authority to sell the hop-poles.
 

 The question virtually arises between the vendor and vendee of the land; for the purchaser under the foreclosure occupies the position of a purchaser of the land who has received a conveyance from the owner, and the defendant as purchaser of the hop-poles represents that owner; and by his purchase he acquired the same rights which he had and no others. This is the most unfavorable position in which such a question can be presented, for the party who claims the property as personal chattels. None of'the distinctions which have been allowed in favor of tenants for a term against their landlords, or tenants for life against the remainder-man, or reversioner, or of executors against the heir, where the subject was erections made for the purpose of trade or manufacture, prevail here. If the hop-poles were annexed to the land in such a manner as to become fixtures for any legal purpose, the executrix had no interest in or title to them.
 

 We are allowed to know judicially what every person out of court knows, that hop-poles are not permanently attached to the land. The cultivator provides himself with a supply of them, and when the root of the hop, which is perennial, shoots forth in the spring, these poles are set up perpendicularly in the earth, for the vine to entwine itself around. When the crop is mature the poles are taken down and stripped of their burthen, and set up in stacks, to be again used in the same manner the next year. The question is whether this is such an affixing to the land, as to change the character of the poles from that of personal property, which they bore when brought into the field, into real estate. To convert personal chattels into real property by force of the law of fixtures there must in general be a permanent corporeal annexation of the chattel to the land, or to something which is itself annexed to the land. Without going over the cases, which are numerous and were elaborately reviewed by the late justice Cowen, in giving the opinion of the supreme court in
 
 Walker
 
 v. Sherman, 20
 
 Wend.
 
 636,) I am satisfied with the conclusion at which that court arrived, that nothing of a nature personal in it
 
 *119
 
 self -will pass by a conveyance of the land, unless it be brought within the denomination of a fixture by being in some way permanently, at least habitually attached to the land or some building upon it.
 
 (Id.
 
 655;
 
 and see Freeland
 
 v. Southworth, 24
 
 id.
 
 191.) Now although the ends of these poles are annually inserted in the ground, they are as often taken out, and for the greater part of the-year they are in no manner fastened to the earth, but are entirely movable. The purpose for which they are set up is temporary on each occasion, though it is annually recurring. It seems to me that they partake of the character of implements or utensils rather than of permanent fixtures. I am of opinion therefore that they did not become parcel of the realty by actual annexation. If they have acquired that character it is on account of some other relation which they bear to the land.
 

 There is a class of cases in which chattels are held to be fixtures, without actual annexation, but they are considered as exceptions to the general rule, and depend upon peculiar circumstances which do not exist here. Besides the articles which pass under the denomination of
 
 heir
 
 looms, it is settled that the doors, windows, locks, keys and rings of a house, the fences upon farms and the manure about a barn yard will pass under a conveyance of the land. (
 
 Walker
 
 v. Sherman,
 
 supra ; Amos & Fer. on Fixtures,
 
 183;
 
 Middlebrook
 
 v. Corwin, 15
 
 Wend.
 
 169;
 
 Goodrich
 
 v.
 
 Ives,
 
 2
 
 Hill,
 
 142.) These cases of constructive annexation are placed upon the ground, that the inheritance cannot be enjoyed without the use of the things so considered as annexed ; and it is said that they are accessories necessary to the enjoyment of the principal.
 
 (See Lawton
 
 v.
 
 Salmon,
 
 1
 
 H. Black.
 
 259,
 
 n.)
 
 I do not think hop-poles come within the reason of these cases. They would doubtless be convenient for the purchaser of the freehold, but not more so than the other farming implements in the use of the former proprietor. They are just as well adapted for use upon another hop farm as on this; and the purchaser can supply himself with new ones as readily as with other necessary things for carrying on the agricultural operations of the farm.
 

 
 *120
 
 I am of opinion that the judgment of the supreme court should be reversed, and that judgment should be rendered in favor of the plaintiff.
 

 Johnson, J. concurred with Denio, J.
 

 Judgment affirmed.