## SARATOGA COUNTY COURT.

WILLIAM CARROLL, JR., respondent, agt. JAMES NEWTON, appellant.

Where a landlord is allowed to hold the *manure* made on his farm, the right is founded on the fact that the manure is made from the produce of the farm, and to allow the tenant to remove it would tend to impoverish the farm.

But where the manure is made from produce obtained elsewhere, or where the lands are not agricultural lands, such as livery stables, &c., no such right of the landlord exists.

*December Term*, 1858.

ONE Daniel Hartnett rented of the defendant a house, barn,

grocery and garden, at the yearly rent of $100. At the time of renting, Hartnett told the defendant that he might have the manure to be made at the barn, if he would furnish the straw to be used there. The defendant replied that he could not furnish the straw, as he had no more than he wanted himself. The plaintiff afterwards agreed with Hartnett to furnish, and did furnish the straw, with the understanding that the manure should be his. Hartnett for some time kept from 18 to 20 horses at the barn. The defendant drew the manure away, claiming it as his own, " on the ground that it.was not movable." The plaintiff brought this action therefor, and recovered a judgment for $16 damages, and $5 costs.

E. F. BULLARD, *for the appellant.*
J. O. MOTT, *for the respondent.*

McKEAN, County Judge. Where land is rented for *agricultural* purposes, and manure is made upon it in the *ordinary course of farming*, such manure belongs to the landlord. (*Middlebrook* agt. *Corwin*, 15 *Wend.* 169; *Goodrich* agt. *Jones*, 2 *Hill*, 142.) " But this rule does not apply to manure made in a livery stable, or in any manner not connected with agriculture or in the course of husbandry." (*Daniels* agt. *Pond*, 21 *Pick.* 367.) In *Lassel* agt. *Reed* (6 *Maine*, 222), some of the cattle kept on the farm belonged to the lessor, and were leased with the premises; others belonged to the tenant. Some of the hay also was purchased by the tenant, and the residue was' cut on the farm. It was held that the manure belonged to the lessor, but the court said : " We do not mean to be understood, by this opinion, as extending the principles, on which it is founded, to the case of tenants of livery stables in towns, and perhaps some other estates, having no connection with the pursuits of agriculture ; other principles may be applicable in such circumstances."

In *Lewis* agt. *Jones*, decided by the supreme court of Pennsylvania, in January, 1852, the defendant, who was a tenant of agricultural lands, claimed part of the manure, on the ground

Carroll agt. Newton.

that he had bought and used on the place some hay and other provender. But the manure thus made was commingled with that made from the produce of the place.

In delivering the opinion of the court, LEWIS, Justice, said : " The doctrine, that the manure goes with the land, is of course confined to farms which are let for agricultural purposes." He said also, " the tenant, by his own act, has rendered it impossible to ascertain the extent of his right. The doctrine of confusion of goods properly applies to his claim." This ruling clearly implies that, if there had been no commingling of the manure, the tenant could have held that made from provender bought by him, although he occupied agricultural lands.

Where a landlord is allowed to hold the manure, the reason for the rule would seem to be the fact, that the manure is made from the produce of the farm, and, to allow the tenant to remove it, would tend to impoverish the farm. But where the manure is made from produce obtained elsewhere, or where the lands are not agricultural lands, no such reason, and, therefore no such rule, exists.

The manure in question belonged to Hartnett, or, rather, to the plaintiff, by virtue of his contract with Hartnett. What the defendant supposed to be the law of the case may not be important ; but, that he understood the tenant as having a right to hold or dispose of the manure, may be inferred from the conversation at the time of renting the premises.

Judgment affirmed.