## John B. Norton *vs.* John P. Craig.

### Kennebec. Decided June 7, 1878.

*Fixtures,—manure. Trespass. Husband and wife.*

Manure, accumulated in the course of husbandry from the occupation of a farm belonging to a wife, as between her and her husband, is a part of the land belonging to her, although his stock and his hay, brought upon the place while occupied by them, in part produced the accumulation.

Where husband and wife live upon a farm belonging to her, without any contract between them, he carrying on the place for their common support, such joint occupation constitutes but one possession, his possession being her possession, and an action against a third person could be maintained by her for the protection of the farm and its crops.

If a person having lawful authority to enter the land of another for one purpose, forcibly enters, for a different purpose, or to enter one part of it, enters another part of it, he thereby becomes a trespasser.

On motion and exceptions.

Trespass, *quare clausum.*

*E. O. Bean,* for the defendant.

*S. & L. Titcomb,* for the plaintiff.

Peters, J. The following facts are disclosed by the testimony in this case: The farm in question belonged to the defendant's wife. A portion of the stock and farming tools upon it belonged

to her, and a portion to him. He carried on the farm for several years for his and her support, without any agreement whatever between them, in the .same manner as if his own. Disagreements and dislikes growing up between them, she conveyed the farm to the plaintiff (her son) by an absolute deed. During the summer after the conveyance, the plaintiff exercised acts of possession over the property, and so did the defendant. The disputed ownership of the crops of the season of 1874 was settled by arbitration. Before the 7th of September, the defendant had removed all his personal property from the farm, unless he had something remaining in the house thereon, a portion of which he occupied separately from his wife until September the tenth. On the 7th September, he removed and carried away, against the protestation of the plaintiff, the principal part of the manure on the place, for which act he is sued in this action of *quare clausum.*

The defendant contends that the manure was his property, because made while he was in possession of the place. The jury were correctly instructed, that so far as the manure accumulated in the course of husbandry from the occupation of the farm, it would be the property of the farm and belong to the grantee, although the defendant's own stock and his own hay brought upon the place might have added to and increased its accumulation. As between the husband and wife, it would be a part of the land ; and as between her and her grantee, it would pass as a part of the realty under her deed. This instruction was in accordance with decisions here and the current of decisions and authority elsewhere. *Lassell* v. *Reed*, 6 Maine, 222. *Fay* v. *Muzzey*, 13 Gray, 53. *Middlebrook* v. *Corwin*, 15 Wend. 169. *Plumer* v. *Plumer*, 30 N. H. 558. *Needham* v. *Allison*, 24 N. H. 355. *Perry* v. *Carr*, 44 N. H. 118. *Lewis* v. *Jones*, 17 Pa. St. 262. *Wetherbee* v. *Ellison*, 19 Vt. 379.

The judge instructed the jury, that, whether the husband was a servant of his wife in carrying on the place or a tenant at will under her, his rights there were terminated by the deed. This was, at all events in effect, a correct instruction.

It is not now necessary to inquire whether a tenancy at will becomes, *ipso facto*, terminated by a conveyance of land by the

landlord or not. In our judgment the defendant was not a tenant at will under his wife. He undoubtedly possessed some of the rights of ingress and egress and of removal which would belong to a tenant at will. So does a person who is licensed or permitted to go upon land. It may be a practical question of some importance, what the relation was between the husband and wife as occupiers of the land in question. We think it may correctly be said that the husband was the agent and assistant of his wife in carrying on the farm. She was really in possession as an owner. There was a joint occupation, but that constituted but one possession, she having the control. His possession was her possession. The case of *Russell* v. *Scott*, 9 Cow. 279, is analogous to this case in its facts. There, "the plaintiff was an old man, of more than 90 years of age; and lived with his sons, who worked his farm and took care of him and his wife ; but the title remained in the old man, and there does not appear to have been any contract between him and his sons by which the exclusive right of possession was vested in them." The court determined that the possession of the farm, as well as the title, was as a matter of law in the old man, in whose name an action was brought against parties for overflowing the land, by means of a dam, to the injury of the possession. In the case at bar there was no contract between the parties. If the wife had released her control to her husband, she could have countermanded the agency at any time. Last clause, § 2, c. 61, R. S. If the control had been released to him, an action for an injury to the farm must have been in her name, and could not be in his name alone. Sec. 5, same ch. *Collen* v. *Kelsey*, 39 Maine, 298. The statute seems to cautiously provide against usurpations of the wife's property by the husband. This court decided in *Hanson* v. *Millett*, 55 Maine, 184, that the wife should be regarded as in possession of her own stock, kept upon her husband's farm, in the same manner that the husband is of his property kept in the same way. We do not see why in the present case the crops would not belong to the wife. It was virtually so held in *McIntyre* v. *Knowlton*, 6 Allen, 565. True, his own labor and some means of his own may be represented in the crops. But by his own labor and means, the law requires him to support

himself and her, without regard to her property, unless she voluntarily contributes out of it to the common support. The rights of creditors might present another question. *Sampson* v. *Alexander*, 66 Maine, 182. Our conclusion is, that the possession of the farm was in the wife ; that, after the conveyance by her, the husband was a mere occupant of or licensee upon portions of the premises necessary for him to have some possession of in order to get his own property away ; that the general possession of the farm remained in her grantee, and that for this unnecessary and unjustifiable act of the defendant, an action against him for an injury to the close can be maintained. The following cases more or less strongly support and illustrate this view. *Merriam* v. *Willis*, 10 Allen, 118. *Cutting* v. *Cox*, 19 Vt. 517. *Curtis* v. *Hoyt*, 19 Conn. 154. *Clap* v. *Draper*, 4 Mass. 266. *Abbott* v. *Wood*, 13 Maine, 115. *Goodwin* v. *Hubbard*, 47 Maine, 595. *White* v. *Elwell*, 48 Maine, 360. *Abbott* v. *Abbott*, 51 Maine, 575. *Loweth* v. *Smith*, 12 Mee. & W. 582.

It is insisted by the defendant, under the motion to set aside the verdict as against evidence, that the defendant was in possession, until after the manure was removed, with the permission and consent of the plaintiff. But this position, if true, only goes. to defeat the form of the action. If trespass *quare clausum fregit* was not the proper action, an action on the case was, and the same damages would have been rendered. *Files* v. *Magoon*, 41 Maine, 104. The value of the manure was all that was allowed for by the verdict, the breaking of the close being only a nominal matter. But the position of counsel for the defense is not the correct one. If the defendant was upon the premises, so was the plaintiff at the same time. The defendant had removed his stock away. He had no occasion to intermeddle with the manure nor with that portion of the premises where the manure was. He removed it in defiance of the plaintiff and before his eyes. The cases already cited establish the principle, that, if a person, having lawful authority to enter the land of another for one purpose, forcibly enters for a different purpose, or, to enter one part of it, enters another part of it, he thereby becomes a trespasser. See *Wheelden* v. *Lowell*, 50 Maine, 499.

Other rulings were objected to, but the objections do not appear to be much relied upon, and it is too obvious that the rulings were correct to require discussion as to them.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.