# CHARLESTON

Talbott *v.* Southern Oil Company.

Submitted June 7, 1906.   Decided October 30, 1906.

| 60 | 423 |
|----|-----|
| f64 | 653 |

1. Summons—*Sufficiency on Face—Contradiction.*

   If a return of service of a summons commencing a suit is sufficient on its face, such facts stated therein, as it was the duty of the officer to set forth in it, cannot be put in issue by either a plea in abatement or a motion to set aside a judgment by default. For reasons of public policy, contradiction of such returns is not permitted in any form, except upon allegations of fraud or collusion. (p. 426.)

2. Writ of Error—*Insufficiency of Declaration not Ground of Error.*

   On a writ of error to a judgment by default, after an unsuccessful motion to set it aside, made pursuant to section 5 of chapter 134 of the Code, without in any way challenging the sufficiency of the declaration, insufficiency thereof cannot be assigned as ground of error, if the matter therein set up be such as, if well pleaded, would constitute a cause of action, cognizable by the court, when sitting as a court of law. (p. 425.)

3. NATURAL GAS—*Escape of From Abandoned Well Causing Injury to Land—Damages.*

For injury to land, caused by the escape of natural gas from a well thereon, drilled and abandoned by a lessee of the land for oil and gas purposes, the lessor has a right of action for damages against the lessee. (p. 427.)

Error to Circuit Court, Gilmer County.

Action by E. M. Talbott against the Southern Oil Company. Judgment for plaintiff and Southern Oil Company appeals.

*Affirmed.*

E. G. LYNN, for defendant in error.

M. D. HANES, CHARLES N. KIMBALL and JAMES H. GILMORE, for plaintiff in error.

POFFENBARGER, JUDGE:

The Southern Oil Company, a corporation, against which E. M. Talbott obtained a judgment by default for the sum of two thousand dollars, in an action of trespass on the case in the circuit court of Gilmer county, for damages occasioned by failure, on the part of the defendant, to plug, as required by statute, an abandoned gas well, drilled by the defendant on lands of the plaintiff, under a lease authorizing such drilling, complains of the action of said court in refusing to quash the return of service, on its motion made in a special appearance for the purpose, and in refusing to set aside the judgment on its motion, made pursuant to notice thereof.

The return of the sheriff reads as follows: "Executed the within writ on the within named, The Southern Oil Company, a corporation, by delivering a copy thereof to E. L. Buttrick, as its statutory attorney in Kanawha county, wherein the said Buttrick resides, on the 31st day of March, 1904. J. A. Jarrett, Sheriff of Kanawha county, W. Va."

On the special appearance aforesaid, the defendant asked leave to file an affidavit of D. Robertson, its secretary and treasurer, showing the authority of E. L. Buttrick, as its attorney in fact, appointed in conformity with the statute, section 24 chapter 54, Code, 1906, to have been revoked before the institution of this action, which leave was granted and the affidavit filed, over the objection of the plaintiff, but the motion to quash, supported by the affidavit, was over-

ruled.   No further appearance having been made, judgment was rendered on a subsequent day of the same term, June 9, 1904.

The motion to vacate the judgment was made, in vacation, at the county seat of Jackson county, on the first day of August, 1904; and, in support thereof, the defendant tendered certified copies from the records of the clerk's office of the county court of Kanawha county, in which the power of attorney had been recorded, and of the office of the Secretary of State, showing the instrument revoking said power of attorney had been recorded in said offices, in the month of October, 1903.   Leave being granted, they were filed, but, on objection sustained, the judge refused to read or consider them, and overruled the motion to set aside the judgment.

The law of this State, as settled by the decisions of this Court, seems to forbid any relief upon either of the motions made by the defendant.   *Stewart* v. *Stewart*, 27 W. Va. 167, holds that the facts stated in the return of a sheriff, showing service of the summons, commencing a suit, cannot be contradicted for the purpose of setting aside a decree upon a bill taken for confessed.   If this rule is sound, it must apply to judgments by default as well as to such decrees.   There can be no difference in principle.   Relief in such cases is by motion, in the nature of a writ of error.   Section 5, chapter 134, Code.   To be available on such a motion, the error must appear upon the face of the record.   Here the matter relied upon for relief is one which does not appear upon the face of this record, and cannot be shown without contradicting a fact stated in the return.

If the matter relied upon were such as could have been made available at common law, upon a writ of error *coram nobis*, for error in fact, relief might be had by motion under section 1 of chapter 134 of the Code.   *Carlon's Admr.* v. *Ruffner*, 12 W. Va. 297, 299, 310; *King* v. *Burdett*, 28 W. Va. 601; *Evans* v. *Spurgin*, 6 Grat. 107; *Gunn* v. *Turner's Admr.*, 21 Grat. 382.   But our decisions hold that the return of the sheriff cannot be contradicted under any circumstances, nor overthrown by any kind of proceeding.   *Rader* v. *Adamson*, 37 W. Va. 582, holds that it cannot be done by plea in abatement.   At page 595 of said volume, Judge English, speaking for this Court, said:   "The statute re-

quires a plea of this kind to be verified by affidavit, but does not authorize such a plea to be sworn to by any person other than the defendant, and for several reasons we must regard said plea as bad; but if it was ever so formal and free from defects, we think the court acted properly in striking it out, as this Court has held in the case of *Bowyer* v. *Knapp*, 15 W. Va. 299: 'The law seems to be well settled that an official return duly made upon process emanating ·from the court or its officers by a sworn officer in relation to facts, which it is his legal duty to state in it, is, as between the parties and privies to the suit and others whose rights are necessarily dependent upon it, conclusive of the facts therein stated.' '' No plea or proceeding for the putting in issue such a matter could be more positive, direct and free from embarrassment, by the principles of waiver, than a plea in abatement. If the proof of the facts stated in the return cannot be inquired into upon such a plea, it is impossible to conceive, for any reason, why it should be allowable upon a mere motion.

In coming to a conclusion in *Rader* v. *Adamson*, the Court seems to have disregarded the following protestations: ''But we do not mean to decide whether under our statute the return of a sheriff upon process may or may not be contradicted by plea in abatement.'' *Bowyer* v. *Knapp*, 15 W. Va. 277, 291. ''As we said in *Bowyer* v. *Knapp*, 15 W. Va. 291, we do not mean to decide, whether under our statute the return of the sheriff on process may not be contradicted by plea in abatement filed in the suit at the proper time.'' *Stewart* v. *Stewart*, 27 W. Va. 167, 182. However, if we could say the ruling in *Rader* v. *Adamson*, appears to have been inadvertent, there is much authority to sustain it. In *Ramsburg* v. *Kline*, 96 Va. 465, cited with approval by this Court in *McClung* v. *McWhorter*, 47 W. Va. 150, 152, the Court held as follows: ''The return of an officer showing that a summons to commence a suit has been duly executed cannot be contradicted by a defendant, unless it can be shown that the plaintiff procured or induced the return, or was in some way connected with the deception. It is immaterial whether the objection to the return be made at law or in equity, the rule is the same.''

No doubt the rule is capable of working great hardship,

but it would not have done so in this instance, had the defendant recognized and obeyed it. There was notice in point of fact. It appeared and attempted to take advantage of the mistake of the officer. The hardship results not so much from the officer's mistake, as from the failure of the defendant to submit to the rule of law which forbids contradiction of the return. It is rare that a court can relieve a party from self-imposed burdens, though he is not always bound by his mistakes.

No objection to the declaration is specified in the notice of the motion to set aside the judgment, nor in the motion itself. Had defects in it which would render it bad on demurrer been specified in either, it may be that such defects would be available here now for reversing the action of the court below. Whether the declaration would be good on demurrer, we are not, for this reason, called upon to say. It suffices that it purports to set up matter which, if well pleaded, would constitute a good cause of action. It charges injury and damage to the land of the plaintiff by the escape of gas from an abandoned well. Whether the liability arises under the statute, referred to in the declaration, or the common law, is immaterial. If not a good statutory cause of action, the injury is actionable at common law. Waste, injury to the freehold by a tenant for life or years, is actionable at common law, whether it result from affirmative wrongful acts, or mere omission to perform duty. *University* v. *Tucker*, 31 W. Va. 621; *Williamson* v. *Jones*, 43 W. Va. 562; Taylor, Landlord & Tenant §§ 345, 346, 347, 348, 349. If an oil lease may be said to confer only a license, the licensee is liable for all injury resulting from the negligent exercise of the powers conferred upon him. *Lyford* v. *Putnam*, 35 N. H. 563; *Norton* v. *Craig*, 68 Me. 275; *Dean* v. *McLean*, 48 Vt. 412; *Selden* v. *Delaware &c. Co.*, 29 N. Y. 634.

Seeing no error in the judgment, we affirm it with costs and damages to the defendant in error, according to law.

*Affirmed.*