# CHARLESTON.

NUTTALBURG SMOKELESS FUEL COMPANY *v.*
THE FIRST NATIONAL BANK OF HARRISVILLE *et als.*

(No. 5881)

Submitted October 11, 1927.  Decided December 4, 1928.

*S. A. Powell,* for appellant.
*Fitzpatrick, Brown & Davis* and *C. N. Davis,* for appellee.

LITZ, JUDGE:

The defendant, First National Bank of Harrisville, appeals from a decree of the circuit court of Kanawha county, perpetually enjoining the enforcement of a judgment for $5,316.45 (in so far as it affects the plaintiff, Nuttalburg Smokeless Fuel Company) recovered by the former against the latter and the defendant Thomas C. Beury, November 10, 1920, in an action at law brought by the Bank against the Fuel Company and Beury on three notes for $1,700.00 each, dated March 9, 1920, payable to the order of Beury, signed "Nuttalburg Smokeless Fuel Company", maker, by Beury as president of the company, and indorsed by him individually. These notes had been executed in renewal of similar notes, the originals of which, dated October 10, 1919, were

discounted by Beury at the defendant Bank. Process in the law action was served upon him individually and as president of the Fuel Company, July 26, 1920.

The bill alleges, as the basis of suit, that Beury was not the president of the plaintiff company at the time of service of process in the action at law; that the company did not have actual or constructive notice of the pendency of the action prior to the entry of judgment therein; that the notes upon which the judgment was rendered had been executed by Beury for his own accommodation; and that the plaintiff had a just defense to the action, which for want of notice it had been prevented from asserting.

Reversing the action of the circuit court in sustaining a demurrer to the bill, this Court held on a former appeal in the case, (1) that "upon a proceeding to vacate a judgment taken by default in a case to which the defendant had no notice of the pendency of the action in any manner or form, the return of the officer indorsed upon the summons is only *prima facie* evidence of service and may be overthrown by proof of such lack of notice;" and (2) that "a bill in equity will lie to vacate a judgment rendered in consequence of such return, upon proper allegations that the return was in fact false, that the person so served was not the president of such corporation, that no notice, actual or constructive, was received by the corporation of the pendency of such action at law, and that the corporation had a just defense to the action at law, and was prevented by such false return from asserting it." *Nuttalburg Smokeless Fuel Company* v. *First National Bank of Harrisville,* 89 W. Va. 438. Upon the remanding of the cause, the defendant filed its answer denying the allegations of the bill. After the taking of proof the decree complained of was entered.

The Nuttalburg Smokeless Fuel Company is a corporation owning and operating a coal mining plant in Fayette county. Prior to July 24, 1925, Buery was the owner of its entire capital stock, standing in the name of Mathew Addy Company, a corporation whose principal office is at Cincinnati, Ohio, as security for a loan from it to him. On that date the Mathew Addy Company and Beury sold all of said stock to

the Ford Motor Company for $465,000.00 payable as follows: $265,000.00 in cash and the balance, evidenced by notes of $25,000.00 each, to be paid in three months. At the time of sale the vendors executed their bond, indemnifying and saving harmless the Nuttalburg Smokeless Fuel Company, its successors and assigns from all existing debts, obligations and liabilities against it. Calvin S. Kramer and Nelson V. Kramer, representatives of the Mathew Addy Company, were designated by the parties to apply so much of the proceeds of sale as was necessary to discharge debts, obligations and liabilities of the said Nuttalburg Smokeless Fuel Company. August 13, 1920, S. A. Powell, counsel for the Bank, advised Nelson V. Kramer of the pendency of the action by letter, demanding payment of the notes. Four days later Calvin S. Kramer replied to this letter, informing Powell that a fund had been set aside to pay the claim. Beury testifies that he did not notify the Fuel Company of the service upon him for the reason, "the property had been sold to the Ford Motor Company for $465,000.00, and there was ample funds in the hands of the Mathew Addy Company or Nelson V. Kramer to have discharged all of the obligations of the Nuttalburg Smokeless Fuel Company" and to have provided "a handsome balance" for him. Calvin S. Kramer states that he took no steps to defend the action, after receiving notice of its pendency, for the reason that "Beury assured him the notes had been taken care of." Although Beury was placed upon the witness-stand by plaintiff, it did not undertake to prove by him the allegation in the bill that the notes were executed for his accommodation. The plaintiff contends the fact that no record was made of the notes on the books of the company is evidence they were not its obligations. It is not shown, however, that there were not other obligations against the corporation which did not appear on the books. Moreover, as evidence at least of loose business methods on the part of the officers, in a meeting of the stockholders, February 12, 1920, the following resolution was passed: "BE IT RESOLVED: That all obligations incurred and actions taken by the officers of this company during the past year be and they are hereby ratified and confirmed as

fully as if said obligation incurred and actions taken had first been duly authorized by this or any other Board of Directors." The Nuttalburg Smokeless Fuel Company, under its new ownership, being protected by the bond of the Mathew Addy Company and Beury, doubtless would have called upon them to defend the action if it had received notice of its pendency.

"Equity may vacate or enjoin the judgment of a court of law when it is shown to be unjust and that the court rendering it never had jurisdiction of the person of the defendant, although assuming it, in consequence of a false return of service by the sheriff or other officer." *Nuttalburg Smokeless Fuel Company* v. *First National Bank of Harrisville*, cited. Equity will not enjoin a judgment merely for defect of jurisdiction, unless the judgment be inequitable and unjust. *City of Virginia* v. *Dunaway*, 17 Ill. App. (17 Bradw.) 68; *Harrison* v. *Crumb*, (Tex.), 1 White & W. Civ. Ct. App., sec. 991; *Stokes* v. *Knarr*, 11 Wis. 389. Before a court of equity will stay a judgment at law, it must see clearly that the complainant has equity on his side. *Kidwell* v. *Masterson*, 14 Fed. Cases, p. 458, No. 7758, 3 Cranch. C. C. 52.

There is no proof that the Nuttalburg Smokeless Fuel Company is not fully protected by the indemnity bond of Mathew Addy Company and Beury and by a sufficient sum retained by the Ford Motor Company from the purchase price of the stock; nor that the notes were executed for the accommodation of Beury as charged in the bill. In view of this situation, and the facts, that Beury was the owner of stock (subject only to the rights of Mathew Addy Company) before the sale to the Ford Motor Company, and that he and Mathew Addy Company, the only interested parties, were notified of the action at law, I would favor the reversal of the decree complained of. The purpose of this suit, as I view it, is to protect the Mathew Addy Company and Beury, the only interested parties, by using the name of the Nuttalburg Smokeless Fuel Company. The former decision in this case permitting attack upon a judgment because of false return of process by the sheriff is in conflict with a long line of decisions in this state and Virginia establishing the verity rule. *Milling*

*Co.* v. *Read,* 76 W. Va. 557; *Talbott* v. *Oil Co.,* 60 W. Va. 423; *McClung* v. *McWhorter,* 47 W. Va. 151; *Rader* v. *Adamson,* 37 W. Va. 582; *Stewart* v. *Stewart,* 27 W. Va. 167; *Bowyer* v. *Knapp,* 15 W. Va. 277, 290; *Sutherland* v. *Bank,* 111 Va. 515. I would not be inclined to apply this new doctrine which exposes every default judgment to attack, except in extreme cases in which the court could see that injustice would otherwise be accomplished.

But the Court being of opinion that the decree is justified, the same is affirmed, with the right to the defendant, First National Bank of Harrisville, to institute such other suit or action on said notes as it may deem proper.

JUDGE WOODS being related to a party interested in the outcome of the litigation, within the degree disqualifying him by statute, thereby making it improper for him to act, did not sit in the case.

*Affirmed.*

LIVELY, PRESIDENT, (concurring):

The opinion throughout treats the judgment recovered by the bank against Nuttalburg Smokeless Fuel Company and T. C. Beury as a default judgment. When the bill was filed to set it aside for want of service on, or notice to, the Fuel Company in any manner expressed or implied, it was proper to consider the judgment as one taken by default; but when it conclusively appeared in this suit that the Fuel Company had no notice of the action at law, and was in total ignorance of it until an execution was presented to it by the sheriff for payment, then that judgment could no longer be considered or treated as a judgment by default. In what way had the Fuel Company defaulted? One cannot be in default, in not appearing to answer a suit, the pendency of which he has no reason to suspect. This record shows without question that no duty was imposed upon the Fuel Company to defend that action at law, for it had no notice of its pendency either express or implied, and the court had no jurisdiction to pronounce judgment. True, it did have apparent jurisdiction on process purporting to have been served on defendant, but which in fact had not been so served. When that fact appeared beyond controversy in this suit, the judgment

should have been considered as void. It is quite well settled that a judgment without process, or notice, is void; and when that fact became established, as above stated, the judgment could not be further treated as one by default, thus making it incumbent upon the defendant in the law suit to prove unequivocally that it did not owe the alleged debt before the void judgment could be set aside. To hold otherwise would allow an alleged creditor to sue at law, have process served on an entire stranger, and then by virtue of his void judgment so obtained force defendant to prove in a court of equity that he did not owe the alleged debt. That would deprive defendant of his constitutional right of trial by jury, by a sort of legal legerdemain, and shift the burden of proof from where it rightly belonged. To permit a litigant to obtain a judgment in that way, and then give it the force of a default judgment would invite fraud and surreptitious practices. Such a Pandora box should not be opened by the courts.

Neither Mathew Addy Company nor Nelson V. Kramer were parties to the law suit, or this suit, and it is quite immaterial in this proceeding whether the Fuel Company took or did not take a bond to protect it against debts which might come against the company when its stock was purchased by the Ford interests. That bond, if it has any relevancy here, was to protect against legitimate claims against the corporation. The Fuel Company says in its bill, sworn to, that it does not owe this claim. Moreover, where a suit is brought against a corporation on notes executed in its name by its president, payable to his order, and by him negotiated, and the proceeds received by him individually, a just defense is established as a rule of law, as in this case, until it is overthrown by evidence. *Wheeling Ice & Storage Company* v. *Connor,* 61 W. Va. 111; Fletcher Cyc. Corporations, Vol. 3, section 1929. I cannot see why the existence of such a bond, even if the obligors be solvent, should preclude defendant from its day in court to defend against a spurious claim. The resolution of stockholders of February 20, 1920, would not bind the company to pay claims of which the stockholders had no notice. There must be knowledge before there can be ratification. *Flannagan* v. *Coal Company,* 77 W. Va. 757; *Henry*

*G. Davis, et al.* v. *Davis Trust Company*, 145 S. E. 588, handed down by this Court October 23, 1928. But the opinion only mentions this resolution as an indication of the loose methods on the part of its then officers.

This suit is to protect Nuttalburg Smokeless Fuel Company from the payment of an alleged debt which it says it does not owe, and which, on its face, puts the purchaser of it on notice, and which *prima facie* imports a just defense to it. It is not to protect Beury against whom the judgment stands, process having been served on him personally as endorser. No protection is afforded him by this suit. Nor do I view this suit as brought for the purpose of protecting Mathew Addy Company. If the Fuel Company should not resist payment of this void judgment and alleged spurious claim, it would be in a precarious situation to recover in a suit over against Mathew Addy Company on the indemnity bond. Why should the Fuel Company be forced to spend time and money in uncertain and precarious litigation, when it is not at fault?

The completed record accentuates the soundness of our former unanimous decision herein, 89 W. Va. 438, and the majority of this Court as now constituted unhesitatingly approve and affirm it. Besides it is "the law of the case," and discussion of it would be on ground too barren.

The right to assert its debt is not denied to the bank by this decision. No harm is done to it. It simply gives the Fuel Company its day in court, in the proper forum, in order to make its defense. It would be inequitable to hold otherwise.

JUDGES HATCHER and MAXWELL concur in this note.